JOHN Q. A. CLIFTON *vs.* HARVEY T. LITCHFIELD.

A witness may testify that interest is included in the amount of a promissory note, without the production of the note.

On a trial, the plaintiff asked a witness a question, the defendant objected, the judge overruled the objection, and the witness answered. The defendant then excepted; but the judge ruled he was too late, and refused to allow the exception. Whether this refusal was a ground of exception, *quære.*

An executory agreement, by way of compromise, to discharge a disputed, unliquidated demand, by the giving of the debtor's promissory note for a sum less than the amount actually due, is not a bar to a suit upon the original demand, although the note has been tendered to the creditor, if it has not been accepted.

The plaintiff, who was in the habit of selling lumber to the defendant, during his dealing with him gave him a written receipt for his promissory note of $1000 " on account of bills rendered; if there are any errors they shall be corrected; and a discount of five per cent. to be made to him on all bills without interest." *Held,* that the legal construction of the receipt as an agreement was, that the discount of five per cent. did not apply to lumber thereafter to be delivered; but that, there being other and oral evidence as to the discount, the whole was properly left to the jury.

To contradict a witness who has testified that as agent for one party in the suit he made a settlement with the other party, evidence is admissible that after the date of the alleged settlement he stated that he did not make it.

On the trial of an action upon an account, an exception lies to a statement of the judge to the jury, that the defendant substantially admits the account, if at the trial he does in fact dispute it.

CONTRACT to recover the balance of an account of $4538, for lumber sold and delivered to the defendant at various times from June 1866 to January 1868, on which there were credits for money paid by notes and in cash, to the amount of $3853. Trial in the superior court, before *Brigham*, C. J., who, after a verdict for the plaintiff for the amount claimed, allowed the following bill of exceptions:

" The terms of sale as to credit being in dispute, the plaintiff testified that he sold the lumber for cash on rendering of bills, and, to show that the prices charged for certain qualities of lumber were the market prices at the time of delivery, called one Chase as a witness, who testified without objection that he bought the same classes of lumber of the plaintiff at about the same time ; that he purchased his lumber for cash ; and that the prices charged by the plaintiff to the defendant were fair prices for the qualities of lumber charged upon the bill. The defendant, upon cross-examination, asked Chase whether he had paid the plaintiff by time note, or had paid any interest on the amount of the bills rendered by the plaintiff. He answered that he did not remember, but that the notes were not on interest, and his impression was that no interest was paid; that if any interest was paid it was included in the round sum for which the note was written. The plaintiff was then called by his counsel as a witness, and asked if interest was charged upon the bills, or included in the notes ; and, the defendant objecting that the bills of lumber and notes given were the best evidence as to that, the judge admitted the question, and the witness answered, ' It was included in the note.' The defendant then excepted to the ruling, and the judge ruled that, not having been notified of the exception before the witness answered, the defendant was not entitled to the exception. To the refusal of the judge to allow an exception to the evidence admitted under these circumstances, the defendant excepted."

" The evidence for the defence tended to show that the plaintiff and defendant met together January 17, 1868, for a settlement; that the defendant made out a list of deductions for overcharges and improper charges, contained in the plaintiff's bill; that the overcharges, as claimed by the defendant, and five per cent., agreed to be deducted from all bills, being deducted from the plaintiff's bill, the defendant had overpaid him $522; that the plaintiff claimed a balance due of $685; that the plaintiff agreed with the defendant to make a deduction of ten per cent. from his entire bill, and certain corrections of errors, and accept payment of the balance in the defendant's negotiable note on four months from that date; that the plaintiff was present when a statement was made by the defendant's clerk, showing the balance due upon the foregoing basis of settlement; that the plaintiff saw this made, and said that the balance was right, and, the defendant having left the counting-room temporarily, the plaintiff said he had an engagement, and would meet the defendant and exchange the note and receipts at twelve o'clock of the same day at an office in Boston; that at the time appointed the defendant was present and tendered the note for the balance, as agreed; and that the plaintiff refused to receive the same or to pass the receipts; and the plaintiff admitted such tender and refusal. Contradictory evidence as to what took place at this alleged settlement, agreement and accounting was put in by the plaintiff, and also that the whole amount of his bill was then due without deduction.

" The defendant asked the judge to instruct the jury as follows: ' 1. If there was a contest and dispute between the plaintiff and the defendant as to the price to be paid for the lumber delivered to the defendant, as to the quality thereof, or the correctness of the items, a settlement between the parties by the payment or the promise to pay [to a promissory note] a much less sum than the jury may now think is due, is binding [in compromise] and would be a bar to this action [provided such promissory note was offered to the plaintiff as agreed.'] This instruction was given, with the additions and qualifications included in brackets.

" ' 2. If under the same circumstances the plaintiff agreed to receive, and the defendant to pay a much less sum, or to give a note for a much less sum in settlement of the claim, and the defendant is ready to perform, or has offered to perform, his part of the agreement, this action cannot be maintained ; such new agree ment is binding on the parties.' This instruction was refused.

" ' 3. If the sum due was liquidated and certain, and there was no dispute as to the same, if the parties agreed to settle the claim by giving and receiving a negotiable promissory note for any sum, no matter how small, in full satisfaction, such agreement would be binding ; and if the defendant is ready to perform his part of the contract no new action can be maintained on the original bill.' This instruction was refused.

" ' 4. If the parties had a difference of opinion or belief as to the amount due, and after discussion and dispute they agreed to settle by making a deduction of ten per cent., and that thereupon, or in execution of the agreement, the defendant should give his promissory note for the balance, and that the plaintiff should accept it in full, and the note was tendered, such agreement or settlement is a bar to this action, although the plaintiff did not accept it, whatever may have been the plaintiff's motive for making the agreement, in the absence of all fraud or legal duress.' This instruction was given as requested.

" The judge added the following instructions : ' 5. If the plaintiff and defendant, having between them a running account for lumber sold by the plaintiff to the defendant, and money paid by the defendant to the plaintiff, agreed upon the balance upon said account due to the plaintiff, and thereupon the plaintiff agreed to receive from the defendant a less sum than the amount of such agreed balance in satisfaction thereof, and to receive the same in the promissory note of the defendant, an action could be maintained for the balance due from the defendant, unless such promissory note was accepted by the plaintiff; the tender of such promissory note would be no defence to such an action.'

" During the dealing between the parties, the plaintiff signed a receipt, of which the following is a copy : ' April 20, 1867. Received of Harvey T. Litchfield his note for one thousand dollars,

Clifton *v.* Litchfield.

dated April 20, 1867, payable four months after date, on account of bills rendered. If there are any errors they shall be corrected, this note being given in haste without looking at the bills, and a discount of five per cent. to be made to him on all bills without interest.' No instructions as to the legal effect of this receipt were asked for by the defendant; and the plaintiff's counsel argued the question of its meaning and intent to the jury. Upon this receipt, the judge instructed the jury as follows: ' The plaintiff now admits the execution of the receipt, but claims it applied to antecedent bills. If the jury think no interest was to be charged on the bills of lumber sold, then the interest which the plaintiff claims on his bill is to be deducted. So as to the five per cent. discount; if they think that is to be deducted from all bills, they will so find.'

" The defendant also offered evidence which showed that, after the refusal by the plaintiff to accept the note tendered him, he had made accord and satisfaction by giving his note to an attorney employed by the plaintiff, and had received the following receipt in full: ' February 4, 1868. Received of Harvey T. Litchfield his note of even date herewith for $168.60, on one hundred days, in payment in full of all demands of every name and nature. J. Q. A. Clifton, by his attorney, Josiah W. Hubbard.' He also offered evidence tending to show that the plaintiff authorized Hubbard to compromise the claims as he pleased, and also held him out to the defendant as having full power to compromise the claim in any way he should deem proper. The plaintiff testified that he never authorized Hubbard to make the settlement, or held him out to the defendant as so authorized, and never notified the defendant that he had revoked the power of the attorney to settle the claim; and there was no evidence of notice to the defendant of revocation of the authority. Hubbard, called by the defendant, testified to making the settlement, and, on cross-examination, the plaintiff asked him, ' Have you not told the plaintiff, since the settlement of February 4, 1868, that you had not settled the matter with the defendant?' His answer was ' No.' The plaintiff was put upon the stand to contradict Hubbard, and aga'nst the defendant's objection was allowed to

testify that Hubbard had stated to him, since February 4, that he had not settled with the defendant. The judge had previously ruled, in another connection, that if the receipt was given by Hubbard, he having been held out as authorized to settle, the claim was settled. No exception was taken to this remark of the judge.

" The judge further instructed the jury as follows : ' The defendant admits substantially the plaintiff's account, charging him with $4538, and crediting him $3853 ; but claims that as to the balance it was agreed between them that a discount of ten per cent. was made upon the bill, which discount, with certain deductions agreed upon between them for errors, left a balance of $168, for which the plaintiff agreed to take the defendant's promissory note, which the defendant offered to him, and which was refused.'

" The defendant testified that some of the lumber was not of the kinds charged, that the prices were not fair, and that they were too high. And he relied also upon the conduct and agreements of the parties to show that the lumber furnished was not of the qualities set down in the bill, and that the prices were too high."

*A. Churchill & R. D. Smith*, for the defendant.

*D. E. Ware*, for the plaintiff.

WELLS, J. 1. The first exception is to the refusal of the court below to allow an exception to the ruling upon an objection of the defendant to a question put to the plaintiff by his counsel. The refusal was placed upon the ground that the defendant's counsel had not notified the court of his purpose to except until after the witness had answered the question.

We do not deem it necessary to decide the question thus raised, nor to determine how far such refusal is open to exception, and how far it is a matter of judicial discretion ; because we are satisfied that the previous ruling, upon the defendant's objection to the question, was right ; and so it appears that the defendant was not prejudiced by either ruling. The question to the witness did not call for the contents of any paper ; and the answer, that interest was included in the note, was of a fact which would not appear from the note itself, if produced.

2. It appears from the bill of exceptions, that, when the parties met to attempt a settlement, the defendant made out a list of overcharges and improper charges in the plaintiff's account, and also claimed a deduction of five per cent., as having been agreed to by the plaintiff, upon the whole bill, which together, as he claimed, would so reduce the plaintiff's bill as to make a balance due to himself of $522; whereas the plaintiff claimed a balance in his own favor of $685. The defendant's evidence tended to show a compromise, by which the plaintiff agreed to make a deduction of ten per cent. on his whole bill, and to concede some of the other deductions claimed, by which a balance of $168 was fixed upon as the amount to be paid by the defendant in settlement; and for which amount the plaintiff agreed to receive the negotiable promissory note of the defendant, on four months time; also that the defendant offered his note in accordance with that agreement, and it was refused by the plaintiff.

The four instructions asked for, and the one numbered the fifth in the bill of exceptions, relate to the effect of this alleged settlement.

Such a settlement, if fully carried into effect, would discharge the whole debt. The negotiable note of a debtor, for the full amount of a liquidated demand, will discharge that debt, if so intended; and in this Commonwealth the presumption is that a note so given is intended to be in payment. So if unliquidated or disputed demands are adjusted by compromise, and money or a negotiable note be given for the balance agreed upon, and accepted, it will be a satisfaction and discharge of the entire demand, although in reality of a larger amount than the sum so agreed upon.

But an executory agreement to discharge such a demand, upon the giving of a promissory note by the debtor, or payment of a sum less than the amount actually due, is not binding upon the creditor, and cannot be enforced against him or set up in bar of a suit upon the demand; and therefore the mere offer of such note, or of such less sum in payment, will not operate to discharge the debt, unless it is accepted by the creditor. His refusal to accept it is the breach only of an executory agreement without consid

Clifton *v.* Litchfield.

eration. The whole transaction will then stand as an accord without satisfaction.

Upon this statement of the law, it is manifest that the instructions given, upon this part of the case, were too favorable to the defendant; and those refused were properly refused.

3. As to the receipt of the plaintiff, we are of opinion that, as an agreement respecting interest and the discount of five per cent., it did not apply to lumber thereafter to be delivered. The position of the plaintiff's counsel is therefore correct, that, even if its construction in this particular was erroneously submitted to the jury, it could not prejudice the defendant. Its legal construction was the one least favorable to him.

But the question in regard to the interest, and the discount upon the whole of the plaintiff's account, did not depend upon that receipt alone, but upon the whole evidence, including oral testimony. The receipt was merely evidence of what the arrangement was in that particular. We think the whole testimony upon that point was properly submitted to the jury.

4. The witness Hubbard had testified that he was authorized by the plaintiff to make, and did make, the settlement of the demand, indicated by his receipt. Evidence that he had subsequently stated that he had not settled with the defendant was competent for the purpose of contradicting him.

5. The last instruction seems to us to be objectionable, and so far likely to mislead the jury, and to prejudice the defence, that we feel compelled to set aside the verdict on that account. As we understand the bill of exceptions, the defendant relied not only upon the alleged agreement to make a deduction for certain ascertained errors, and ten per cent. by way of general discount, thus reducing the balance to $168; but also upon other objections to the bills, on account of overcharges and improper charges claimed to exist therein. If the agreement was not established in his favor, it was not established against him, as an admission of the correctness of the plaintiff's account in other respects, or as a waiver of objections to errors not agreed to be corrected. He was entitled, in that event, to have all his objections to the account considered by the jury independently of the compromise.

The case finds that the defendant did testify " that some of the lumber was not of the kinds charged, that the prices were not fair, and that they were too high." He, also, in support of the same grounds of defence, relied on the conduct of the parties and the other evidence from which it had been sought to establish the agreement of compromise and settlement.

But this defence was entirely excluded by the instruction to the jury that " the defendant admits substantially the plaintiff's account charging him with $4538, and crediting him $3853 ; but claims that as to the balance it was agreed between them," &c. Upon this instruction, there was nothing left for the jury to pass upon but the alleged agreement of compromise and settlement. For this reason, and upon this instruction alone, the

*Exceptions are sustained.*