## CLARENCE J. BLAKE *vs.* GORHAM BLAKE.

The maker and payee of a note entered into an agreement under seal by which the maker bound himself, his heirs, executors and assigns, to make certain quarterly payments for ten years, and the payee promised that if such payments, amounting in all to less than the amount of the note, were made, the note should be cancelled. The quarterly payments were made up to the maker's death, but not afterwards. *Held*, that the note was a valid claim against the estate of the maker, for its full amount, less the payments actually made.

APPEAL from the decision of commissioners upon the estate of James B. Blake, deceased, represented insolvent, disallowing in part a promissory note for $45,807.20, dated December 1, 1868, made by James B. Blake, payable to John H. Blake or order and by him indorsed to the appellant.

The note bore indorsements of eight payments of $250 each made in January, April, July and October in the years 1869 and 1870.

On December 15, 1868, James B. Blake and John H. Blake executed an agreement under seal, in which, after reciting the giving of the note for good consideration, James B. Blake bound himself, his heirs, executors and assigns, to pay to John H. Blake the sum of $250 on the first day of January, April, July and October, each and every year, from January 1, 1869, for the full term of ten years. "It is agreed, however, that at any time, previous to the expiration of the term of ten years aforesaid, the aggregate amount of said stipulated payments remaining unpaid, less seven per cent. interest thereupon from the time of said aggregate payment to the end of said term, being paid, such payment shall be deemed equivalent to the said quarterly payments remaining unpaid, and in full satisfaction thereof. And the said John H. Blake hereby binds himself, his heirs, executors and assigns, provided that the said quarterly payments are made as herein before set forth, or, if in place of any of them a single payment is made, in the aggregate equivalent to the whole of those remaining unpaid, as above provided for, that the said note shall then be cancelled and surrendered to the said James B. Blake, or his representatives."

On January 1, 1869, John H. Blake indorsed the note to the appellant to hold in trust for Sarah A. Blake, the wife of John H. Blake. James B. Blake died insolvent December 18, 1870. The appellee was appointed administrator of his estate, the estate was represented insolvent, and commissioners were appointed to receive claims against it. The appellant presented to them a claim for the whole amount of the note with interest, less the amounts indorsed, but they allowed only $6124.00 on account of the note.

*L. M. Child,* for the appellant.

*T. L. Nelson,* for the appellee.

WELLS, J. The note constituted a valid debt against James B. Blake for its full amount; and the holder was entitled to prove it for that amount against his estate; unless the written agreement furnished a defence in whole or in part.

The agreement to accept a part in satisfaction of the whole, so long as it remains executory, will not operate either as payment, satisfaction or discharge. *Clifton* v. *Litchfield,* 106 Mass. 34. The instrument, being under seal, may operate as a discharge if its terms so provide; but not otherwise. It contains no words of present discharge. The only provision for a future discharge is, that upon payment in full of the lesser sum, stipulated to be paid in lieu of the whole, " the said note shall then be cancelled and surrendered."

Until that condition is complied with, the original debt remains unaffected by the executory agreement for a discharge.

It does not avail that the debtor made all the payments that were required to be made, up to the time of his death. The instrument cannot take effect as a defeasance, of which the administrator can take advantage in any other mode or upon any other condition than that which is provided by its own terms.

As the case now stands the holder of the note is entitled to have it allowed for its full amount, deducting only such payments as have been made on account of the debt.

*Judgment accordingly.*