MARY E. MILLER *vs.* HENRY HATCH and another.

Kennebec. Opinion August 3, 1881.

*Principal and surety. Contract with principal.*

M, the holder of two notes upon which F & Co. were holden as principals, and H (as he claimed) as surety, executed, with other creditors of F. & Co. and delivered to the principals the following contract: "We, the undersigned, creditors of Warren A. Farr & Co., of Boston, in the commonwealth of Massachusetts, in consideration of one dollar, and other good and sufficient considerations to us severally paid by said Warren A. Farr & Co., the receipt whereof is hereby acknowledged, do severally promise and agree with the said Warren A. Farr & Co., that we will receive in full satisfaction and discharge of our respective claims against them, the amount of sixty per cent. thereof in the following manner, namely: Twenty-five per cent. of said claims respectively, in thirty days from the date thereof, and the remainder in sixty days from the same date of this instrument. Witness our hands and seals, hereby severally adopting the seal set opposite the first signature hereto as the seal of each of us respectively, this thirty-first day of December, A. D. 1872."

*Held,* That this was an executory contract; that it gave the principals no delay; that it was no bar to an instantaneous suit by M upon the notes, and that until performed by F. & Co. M's debt remained unaffected thereby, and H, if a surety, was not thereby discharged.

ON A MOTION to set aside the verdict in superior court.

The verdict was for plaintiff for $3554.23.

At the trial Warren A. Farr, nominally one of the defendants, a brother of the plaintiff and a witness in her behalf, testified:

"That agreement with my creditors was put in writing. [Compromise marked 'G.' shown witness.] Should say that was it. I was active myself in bringing this about. The several parties whose signatures appear there, signed and delivered it to me. Should say that was the plaintiff's signature on the paper. She signed it and delivered it to me." Witness further stated that he took receipts from the parties to that agreement, so far as he settled with them, but took none from the plaintiff, never paid her anything "by virtue of that agreement."

Other material facts are stated in the opinion.

*G. T. Stevens*, for the plaintiff, upon the question considered in the opinion, cited: *Clifton* v. *Litchfield*, 106 Mass. 34; *Walker* v. *McCulloch*, 4 Maine, 421; *McAllester* v. *Sprague*, 34 Maine, 296; *Drinkwater* v. *Jordan*, 46 Maine, 432.

*J. W. Spaulding*, *W. T. Haines* and *F. J. Buker*, for Henry Hatch, one of the defendants, upon the question considered in the opinion, contended that the compromise agreement in the case had the effect to discharge the defendant Hatch as a surety upon the notes in suit, citing: *Perkins* v. *Lockwood*, 100 Mass. p. 250, and cases there cited.

APPLETON, C. J. This is an action of assumpsit on two promissory notes, dated September 15, 1871, signed by Farr, Hatch and Co. The defendant, Henry Hatch, was a member of that firm at the time the notes were given.

April 18, 1872, Hatch sold out his interest in the firm to Jerome L. Farr, for five thousand dollars. On August 3, 1872, notice was given in the papers of the dissolution of the firm of Farr, Hatch and Co. and that it was succeeded by the firm of Warren A. Farr and Co. which assumed the liabilities of the firm of Farr, Hatch and Co.

In December, 1872, the firm of Warren A. Farr and Co. became insolvent. The defence rests on the ground that after the dissolution of the firm of Farr, Hatch and Co. they stood in the relation of sureties on the note, and they were discharged by reason of the plaintiff's signing with others an agreement under seal in these words:

"We, the undersigned, creditors of Warren A. Farr & Co. of Boston in the commonwealth of Massachusetts, in consideration of one dollar, and other good and sufficient considerations to us severally paid by said Warren A. Farr, & Co., the receipt of which is hereby acknowledged, do severally promise and agree with the said Warren A. Farr & Co., that we receive in full satisfaction and discharge of our respective claims against them, the amount of sixty per cent. thereof in the following manner, namely: Twenty-five per cent. of said claims, respectively, in thirty days from the date hereof, and the remainder in sixty days from the same date of this instrument.

"Witness our hands and seals severally adopting the seal set opposite the first signature as the seal of each of us respectively, this thirty-first day of December, A. D. 1872.

M. E. Miller.    [Seal]."

This was signed by over forty creditors of the firm. Nothing was paid the plaintiff under this contract.

The jury found specially that the plaintiff had no knowledge of the assumption of the liabilities of the firm of Farr, Hatch and Company by that of Warren A. Farr and Company. Much of the argument of the learned counsel for the defendant, is devoted to proving that this finding was erroneous. In the view we take of the case, it is immaterial whether she knew of such assumption or not, inasmuch as she has done nothing to injuriously affect the rights of Farr, Hatch and Company.

Conceding, for the purpose of argument, that after the dissolution of the firm of Farr, Hatch and Company, the firm were to be regarded as sureties, the plaintiff, by her signature to the contract of December 31, 1872, has done nothing to discharge their liability. This was only an offer on condition. It was not accepted or performed by the firm to which it was made. The plaintiff gave no delay. She might have sued at any time. The contract was no present discharge of the plaintiff's rights. It was no bar to an instantaneous suit had she brought one. The agreement was purely executory. It was never executed. Nothing was ever paid. The only provision for a future discharge was upon the payment of the sum stipulated. Until that condition

should be performed, the plaintiff's debt remains unaffected by the executory agreement for a discharge.

The authorities are in entire accord with this view of the case. In *Clifton* v. *Litchfield*, 106 Mass. 34, it was held that an executory contract, by way of compromise to discharge a disputed, unliquidated claim, by the giving of the debtor's promissory note, for a sum less than the amount actually due, was not a bar to a suit upon the original demand, although the note has been tendered the creditor, if it has not been accepted. In *Blake* v. *Blake*, 110 Mass. 202, the agreement was under seal. "The agreement," observes WELLS, J. "to accept a part in satisfaction of the whole, so long as it remains executory, will not operate either as payment, satisfaction or discharge." In *Cushing* v. *Wyman*, 44 Maine, 121, the question here presented was fully examined and considered, and it was then held that an executory agreement constituted no bar to a suit.

Upon some of the facts contested in the motion for a new trial, there is conflicting evidence, but there is no such preponderance as would justify or require our interference.

> *Motion overruled. Judgment on the verdict.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.