## OGILVIE v. HALLAM.

1. **Replevin**: ACCORD AND SATISFACTION: CONDITION PRECEDENT. A contract entered into between the parties after the commencement of the action, which provided for the delivery of certain property and the dismissal of the action, in the nature of accord and satisfaction, construed: *Held*, that the delivery of the property was a condition precedent to the dismissal of the case.

2. ——: ——: ——: INSTRUCTION. In such case, there being evidence tending to show that the property described in the agreement was not the same claimed by the plaintiff in his petition, an instruction that if defendant was the owner of the property in controversy the plaintiff could not recover, unless the property was the same described in the agreement, and which defendant had failed to deliver, was correct.

*Appeal from Muscatine Circuit Court.*

TUESDAY, JUNE 13.

ACTION to recover possession of one sorrel mare and one colt, the increase of said mare, on the ground the plaintiff was the owner and therefore entitled to possession. The defendant denied the allegations of the petition and in a supplemental answer pleaded accord and satisfaction since the commencement of the action. Trial by jury, verdict and judgment for the plaintiff, and the defendant appeals.

*Hoffman, Pickler & Brown*, for appellant.

*Cloud & Cloud*, for appellee.

SEEVERS, CH. J.—I. After defendant had filed his answer the parties entered into a written agreement, and upon it is

based the accord and satisfaction pleaded by the defendant, and his counsel insist the court erred in not holding it was a bar to the action. There is some question made as to the meaning of the agreement, and the original has been submitted to us for inspection. In our opinion the following is a correct copy. "I, T. J. Hallam and C. B. Ogilvie, of the county of Muscatine and State of Iowa, do hereby agree to settle all matters between us as follows, to-wit: that I, T. J. Hallam, do hereby agree to deliver to C. B. Ogilvie his sorrel mare, three years old, white in the face, to be delivered within one week from this date and I, C. B. Ogilvie, do hereby agree to dismiss all suits against the said Hallam that is now pending against said Hallam, on delivery of the said mare: I, T. J. Hallam agree to pay all the witness fees that I had subpoenaed in justice's court and Ogilvie agrees to pay balance of costs. August 23, 1880."

*1. REPLEVIN: accord and satisfaction: condition precedent.*

Counsel for the appellant insist, as we understand, that upon the execution of the agreement both the accord and satisfaction became an accomplished fact without the delivery of the mare. The agreement took the place of the old debt or right, and the pending action must be dismissed, and an action brought on the agreement to enforce it, if it was not performed on defendant's part. In support of this position *Hall v. Smith et al.,* 15 Iowa, 584, and *Merry v. Allen,* 39 Id., 235, are cited. If the premises are correct it is probable the conclusion is. But the Circuit Court held the agreement was conditional, and that the plaintiff did not absolutely agree to dismiss this action, but that he agreed to do so only upon the defendant's performance of the agreement on his part. That is to say, the delivery of the mare was a condition precedent to the dismissal of the action, the delivery being the satisfaction agreed upon. We think the ruling of the Circuit Court is undoubtedly correct.

II. Counsel for appellant object to the second paragraph of the charge upon the ground it is misleading. We do not concur in this view. On the con-

*2. ——: ——: ——: instruction.*

trary we think it is not only correct but the legal proposi-
tions embraced therein are well and concisely stated. The
objection to the fourth paragraph of the charge has been dis-
posed of in the first point of this opinion. The objection to
the sixth paragraph is more in the nature of a criticism on
the language employed than a substantial objection. We
think the instruction correct. The fifth paragraph of the
charge is as follows:

"Defendant claims to be the owner of the mare and colt
in controversy and legally entitled to the possession thereof.
He does not plead nor prove a tender of said property, that
is, the property claimed by the plaintiff, and the question for
you to determine is that of the ownership of the identical
property sought to be recovered. If plaintiff is the owner of
the mare and colt described in his petition, he can recover if
defendant wrongfully took and detains said property; if de-
fendant is the owner he can recover, unless the mare he agreed
to deliver to plaintiff is the same mare claimed by the plaintiff;
if it is, then he cannot recover if he failed to deliver said mare
as provided by said agreement, and plaintiff will be entitled
to your verdict."

The objection made to this instruction is that plaintiff is
permitted to recover on the written contract, when no such
claim is made in his pleadings and it was made long after
the action was commenced. We do not so understand the
instruction. Under the instruction the plaintiff must recover,
if at all, on the ground stated in the petition that he was the
owner of the mare. But there was evidence tending to show
the mare described in the agreement was the same as the one
the action was brought to recover, and there was evidence
tending to show the mare described in the agreement was not
the one claimed by the plaintiff. To meet this phase of the
case the latter part of the instruction was given, that the de-
fendant could recover, that is, defeat the plaintiff if the de-
fendant was the owner, unless the mare he agreed to deliver
was the one claimed in the action, and which the plaintiff
owned. If the mare was the same then the defendant could

not recover unless he had delivered her as he agreed. We think the instruction correct, and that the right of the plaintiff to recover is not based on the agreement. It is urged the evidence does not sustain the verdict. But upon the only real point in controversy the identity of the mare claimed by the plaintiff, the evidence was seriously conflicting. It is not for us to say which way it preponderated.

AFFIRMED.