CROW et al. v. KIMBALL LUMBER CO.

(Circuit Court of Appeals, Fifth Circuit. May 28, 1895.)

No. 343.

ACCORD AND SATISFACTION—FAILURE TO PERFORM — ACCORD AGREEMENT—
EFFECT ON ORIGINAL CONTRACT.

Where, in the course of performance of a contract, disputes and mutual recriminations arose, and afterwards a new and modified contract was made by way of accord, but nothing was ever done under it, *held*, that there was no satisfaction, and that the original contract remained in force, and an action for damages could be maintained for breach thereof.

In Error to the Circuit Court of the United States for the Southern District of Florida.

This was an action by the Kimball Lumber Company, a corporation engaged in manufacturing lumber and timber at Appalachicola, Fla., against Crow, Rudolph & Co., lumber merchants of Liverpool, England, to recover damages for an alleged breach of a contract for the sale and shipment of timber and lumber by complainant to defendants. In the circuit court there was a verdict for plaintiff in the sum of $14,723.24, upon which judgment was entered by the court. Defendants bring error.

The contract sued on was executed May 20, 1889, and was signed on behalf of defendants by W. S. Keyser, their resident agent, at Pensacola. It provided for the sale and delivery by plaintiffs of eight cargoes of sawn timber, a cargo of from 300,000 to 400,000 feet of prime deals, a million to a million and a quarter of prime boards and choice dimension deals, and a million to a million and a quarter feet of hewn timber. The performance of the contract was to cover a period from November 1, 1889, to November 1, 1890, and the shipments were to be made on vessels from 400 to 800 tons, to be provided by defendants from time to time as business required, say about one vessel per month. For the details of this contract, reference was made to a previous contract entered into on the 3d of November, 1888, and which was still in course of execution. Three cargoes only were shipped under the contract of 1889; but, mutual recriminations having taken place,—defendants complaining of the grade and quality of the lumber furnished, and plaintiff of the delays and irregularity in sending vessels,—a new contract was, on December 30, 1889, executed, which contained various modifications of the terms of the original contract; but no ships were ever sent by defendants to take cargoes under this contract, and no part of it was ever performed. Defendants set up this contract as a defense to the action, claiming that it entirely superseded the original contract, and hence that no action could be maintained upon the latter. Plaintiff claimed, and gave evidence in support thereof, that the new contract was intended as an accord between the parties, and was such in fact, but that, as there was no performance of it, there was no satisfaction, for which reason the original agreement remained in force. Upon this question the court charged the jury as follows: "The suit here in this case is upon the contract of May 20, 1889, and not upon the contract of December 30th. The defendants have contended that the contract of December 30th was valid and binding upon these plaintiffs, and therefore nothing could be recovered upon this contract sued on. That is properly a question of law, because, if the contract of December is binding, then the plaintiff cannot recover in this case, but must bring another suit on that contract. The large part of the legal contention, as made over this clause, is about that question, and I propose to draw the line clearly and definitely in a legal way on that subject. I think it will be better for the jury, and I am sure, if the case goes to another court, it will be better for the counsel in the case, and for the respective parties. The contract of December 30, 1889, is not binding. It was an accord, and, if carried out, would have been in complete satisfaction, of the contract of May 20th. It never was carried out in any particular. No ship was ever chartered or sent under that contract, and it fails for that reason, and the suit in this case stands because of that fact in law. Your determination, as has been ar-

gued by the plaintiff, is all under the contract of May 20, 1889, as it stood and as it was made, embodying, as I say, some of the features of the contract of 1888. That being the case, and there being no evidence, in my judgment, other than that the contract of May 20, 1889, was broken by the defendants without any just cause, as has been shown in this case, the question, and the only question, for the jury to determine, is the amount of damages which the plaintiff shall recover in this case, and it is the law that you shall assess such damages as they have suffered by the breach of that contract." Various questions were raised by exceptions to the judge's charge in relation to the measure of damages, but the one mainly argued in this court was the question as to the effect of the contract of December 30, 1889.

W. A. Blount, for plaintiffs in error.

H. Bisbee, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE. District Judge.

PER CURIAM. As there was evidence tending to show that the agreement of December 30, 1889, was intended by the parties as an accord, which, when performed, was to be in satisfaction of the contract of May 20, 1889, and as it was conceded that under the said agreement of December 30, 1889, there was no performance, we are of opinion that the ruling of the circuit court, on the invitation of the defendants, plaintiffs in error here, on the effect of said agreement, was not erroneous; and as, on the other errors assigned and pressed in this court, we find for the defendant in error, the judgment of the circuit court is affirmed.

ADVANCES ON SECURITY OF GROWING CROPS—CONTRACT FOR LIEN—LANDLORD'S LIEN FOR RENT.