### FIRST NAT. BANK OF ARKANSAS CITY v. LEECH.

(Circuit Court of Appeals, Eighth Circuit. April 10, 1899.)

#### No. 1,140.

ACCORD AND SATISFACTION—EXECUTORY AGREEMENT.

An agreement to accept notes of a third person in part payment of a debt, and to extend the time for payment of the remainder, on the giving of certain security, must be fully executed before it can be pleaded as an accord and satisfaction.

In Error to the Circuit Court of the United States for the District of Kansas.

This is an action to recover the amounts due defendant in error from the plaintiff in error on two certificates of deposit. The defenses are that the bank having been placed in the hands of a receiver, plaintiff agreed with the bank, in writing, to accept in payment of his claims 10 per cent. in money; and certificates of deposit for the balance, payable in 10 installments, at intervals of three months, at 4 per cent. per annum; that afterwards, it having been ascertained that the bank would be unable to carry out these agreements, the plaintiff agreed with defendant to accept in payment of his claims a note for $4,500 of one of the bank's debtors, to be secured by a mortgage on real estate of that debtor, and also by mortgage on three lots belonging to the bank, to be selected by the plaintiff from a large list of lots to be submitted to him, and the balance due the plaintiff was to be paid in 10 equal installments, at intervals of three months. There are no allegations of satisfaction or acceptance of the agreement, and upon the trial the court held the answer set up no defense, and sustained a demurrer to it, and directed a verdict for the plaintiff for the full amount of his claims. The contention of the plaintiff in error is that the court erred in sustaining the demurrer to the answer, and in refusing to permit the introduction of evidence to support its allegations.

Peters & Nicholson and Pollock & Lafferty, for plaintiff in error.

Stanley, Vermillion & Evans and Mathews, Heade & Mathews, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. The agreements set up in the answer amount to nothing more than an executory contract for an accord. There are no allegations showing a satisfaction. It is a well-settled rule of law that accord without satisfaction is not a good answer. An agreement or accord which is to operate as a satisfaction of an existing liability must, before it can have that effect, be fully executed. It is not enough that there be a clear agreement or accord and a sufficient consideration; but the agreement or accord must be executed before it can be pleaded as an accord and satisfaction. If part of the consideration agreed on be not performed, the whole accord fails. City of Memphis v. Brown, 20 Wall. 289, 308, 309; Clifton v. Litchfield, 106 Mass. 34, 40, 41; Crow v. Lumber Co., 16 C. C. A. 127, 69 Fed. 61; Coblentz v. Manufacturing Co., 40 Ark. 180; Ogilvie v. Hallam, 58 Iowa, 714, 12 N. W. 730; 1 Smith, Lead. Cas. (5th Am. Ed.) 445, 446, and cases there cited.

The answer must allege that the matter was accepted in satisfaction. Sinard v. Patterson, 3 Blackf. 354; Banking Co. v. Van Vorst's Adm'x, 21 N. J. Law, 101. Mere readiness to perform the accord or a tender of the performance will not do, and a plea of accord and tender is bad upon demurrer. Russell v. Lytle, 6 Wend. 390; Hawley v. Foote, 19 Wend. 516; Tilton v. Alcott, 16 Barb. 599; Clifton v. Litchfield, supra. In the latter case the supreme judicial court of Massachusetts say:

"But an executory agreement to discharge such a demand, upon the giving of a promissory note by the debtor, or payment of a sum less than the amount actually due, is not binding upon the creditor, and cannot be enforced against him or set up in bar of a suit upon the demand: and therefore the mere offer of such note, or of such less sum in payment, will not operate to discharge the

debt, unless it is accepted by the creditor. His refusal to accept it is the breach only of an executory agreement without consideration. The whole transaction will then stand as an accord without satisfaction."

That the agreement in this case was merely executory is not controverted. It is alleged that the lots of the bank which were to be added to the security were to be selected by the defendant in error from a list of property owned by the defendant; but there is no allegation that these lots were ever selected, although it is charged that a large list of the bank's lots were tendered to defendant in error for a selection. As there was no satisfaction, the answer setting up accord and satisfaction, without averring satisfaction, was bad, and the court did not err in directing a verdict for the plaintiff. The judgment of the circuit court is affirmed.