## HANSON v. HANSON.

(Circuit Court of Appeals, Second Circuit. June 14, 1916.)

No. 282.

1. INSANE PERSONS �köm26—ADJUDICATION—COLLATERAL ATTACK.

Code Civ. Proc. N. Y. § 2329, declares that each commissioner appointed in a proceeding to adjudge one an incompetent shall take a prescribed oath, and, if he becomes incompetent, or neglects or refuses to serve, or removes from the state, the court may remove him, and shall from time to time fill any vacancy. Section 2331 declares that all the commissioners must attend and preside at the hearing, and a majority of them shall have all the power and authority of a judge of the court holding a Trial Term. Of the three commissioners appointed in a proceeding to secure a committee for an alleged incompetent, one resigned, and the two remaining, without the vacancy having been filled, proceeded to act, making a finding of incompetency and appointing a committee. *Held* that, as the functions of the commissioners are judicial, and a part do not constitute the commission, the judgment of incompetency was void, and may be collaterally attacked.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 35, 36; Dec. Dig. ⊜⇒26.]

2. EVIDENCE ⊜⇒63—PRESUMPTIONS—COMPETENCY.

There is a presumption that one suing in his own right is competent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 83; Dec. Dig. ⊜⇒63.]

3. COURTS ⊜⇒322(2)—FEDERAL COURTS—JURISDICTION.

Where complainant, who resided in California, averred that he was a citizen of that state, a federal court sitting in that district of New York in which defendant resided, had jurisdiction of the suit on the ground of diversity of citizenship.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 878, 879; Dec. Dig. ⊜⇒322(2).]

---

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. COURTS ☞325—JURISDICTION—FEDERAL COURTS—WAIVER.
    Where a suit was brought in the federal court on the ground of diversity of citizenship, defendant, who appeared generally, pleaded to the bill, and offered some proof, waived any objection on the ground that she was not a citizen of the district alleged.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 884; Dec. Dig.
    ☞325.]

5. JUDGMENT ☞570(1)—BAR—DISCONTINUANCE—JUDGMENT ON THE MERITS.
    Where a suit is discontinued, the order is not and cannot be a judgment on the merits, barring a subsequent suit.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1028, 1036,
    1165; Dec. Dig. ☞570(1).]

Appeal from the District Court of the United States, for the Eastern District of New York.

Bill by Walter J. Hanson against Aimee L. Hanson. From a decree dismissing the bill, complainant appeals. Reversed and remanded.

Rounds, Hatch, Dillingham & Debevoise, of New York City (R. S. Rounds, of New York City, and George S. Brengle, of White Plains, N. Y., of counsel), for appellant.

Rockwood & McKelvey, of Saratoga Springs, N. Y. (L. B. McKelvey, of Saratoga Springs, N. Y., of counsel), for appellee.

Before WARD and ROGERS, Circuit Judges, and LEARNED HAND, District Judge.

WARD, Circuit Judge. Walter L. Hanson filed this bill in equity against his mother, alleging her to be a citizen of New York, residing in the Eastern District thereof, and himself to be a citizen of California. The bill further alleges that after his father's death the complainant became entitled to receive one-fourth part of his grandfather's estate; being securities of the value of about $40,000; that immediately after his father's funeral, and when he had just come of age, he was fraudulently induced to execute an assignment of said interest to his mother, upon the representation of herself and her attorney that he was executing a deed of trust of the property for his own benefit, he to receive the income thereof and the principal upon demand; that thereafter the defendant refused upon his demand to pay over to him the income or the principal of the said securities; that thereupon he brought suit in the Supreme Court of the state of New York for the county of New York against his mother and her attorney, praying that the assignment might be declared null and void and the defendant required to account to him for the securities and the income thereof; that subsequently he was persuaded by his mother and her attorney to discontinue said suit upon her promise that she would pay to him the sum of $4,000 a year; that the defendant has neglected and refused to make any payment to him as agreed, and subsequently had him declared an incompetent and a committee of his person and property appointed in a proceeding in the Supreme Court of New York for Saratoga county, which court had no jurisdiction either of his person or of the subject-matter of the action. The prayer for relief is that

the assignment be declared null and void, be directed to be canceled, and that the defendant be required to account for the said securities and the income thereof.

The answer denies that the complainant is a citizen and resident of California, alleging on the contrary that both he and the defendant are residents of the state of New York, residing in the Northern district thereof. It further denies all the allegations of fraud and asserts, in bar of the action, first, the discontinuance of the complainant's suit in the Supreme Court for the county of New York by a consent order reading to be "on the merits" and for a further defense that the complainant has been declared to be an incompetent in the proceeding in the Supreme Court of New York for Saratoga county, and a committee of his person and property appointed, because of which he has no legal right to maintain this action; the only person being qualified to do so being his committee.

After much testimony had been taken, the District Judge, without passing upon the merits, dismissed the bill on the ground that, the incompetency proceedings not being void on their face, the court had no jurisdiction, the committee being a citizen of New York and the complainant having no standing to maintain the suit, and, further, that the discontinuance of the complainant's prior suit in the Supreme Court of New York county "on the merits" was a legal bar. We cannot agree in either conclusion.

[1-4] The Supreme Court of Saratoga County appointed three commissioners, each of whom filed his oath. When the jury was summoned and met at the hearing before the commissioners, the complainant was not present either in person or by attorney; but, on the objection of counsel for the complainant's wife, one of the commissioners resigned and subsequently at the same hearing, the vacancy not having been filled, the jury returned their verdict to the commission that "Walter L. Hanson should have a committee over his person and estate."

Section 2329 of the Code of Civil Procedure provides:

"Each commissioner, before entering upon the execution of his duties, must subscribe and take, before one of the officers specified in section 842 of this act, and file with the clerk, an oath faithfully, honestly, and impartially to discharge the trust committed to him. If a commissioner becomes incompetent, or neglects or refuses to serve, or removes from the state, the court may remove him. The court may, from time to time, fill any vacancy created by death, removal or resignation."

And section 2331 provides:

"All the commissioners must attend and preside at the hearing; and they, or a majority of them, have, with respect to the proceedings upon the hearing, all the power and authority of a judge of the court, holding a trial term, subject to the directions contained in the commission. * * *"

The authority in the premises was given by the court to three persons who constituted the commission. Their functions were judicial, and although a majority of them, all being present, had all the power of a court holding Trial Term, when only two acted there was no commission at all. The defect was a jurisdictional one, which may be

availed of collaterally, and not a mere irregularity, as the court below held in Re Bischoff, 80 App. Div. 326, 80 N. Y. Supp. 917. There is nothing to the contrary in Simon v. Craft, 182 U. S. 427, 21 Sup. Ct. 836, 45 L. Ed. 1165, or Chaloner v. Sherman, 215 Fed. 867, 132 C. C. A. 96, because in them only irregularities were in question. The whole proceeding being void on its face, the presumption is that the complainant is competent and as he resides in California, and declares himself to be a citizen of that state, the court had jurisdiction, provided the defendant resided in the Eastern district of New York. As she appeared generally, pleaded to the bill, and offered some proof, any objection on this point was waived.

[5] As to the second ground there can be no such thing as a discontinuance on the merits, because on discontinuance the merits are not in issue or determined. Such an order is not a judgment nor a bar. The decree is reversed and the case remanded with directions to the court below to dispose of it on the merits.