## OLYMPIA SHIPPING CORPORATION v. MORSE DRY DOCK & REPAIR CORPORATION.

(Circuit Court of Appeals, Fourth Circuit. July 5, 1921.)

No. 1896.

1. **Judgment ⬤⟲570(6)—Order of discontinuance on stipulation of the parties is not judgment nor bar.**

   An order of discontinuance on stipulation of the parties is not a judgment nor a bar, but leaves the situation the same as though suit had not been brought.

2. **Compromise and settlement ⬤⟲20(2)—Maritime liens ⬤⟲43—Failure to pay notes for settlement of libel for repairs restores parties to original status.**

   Where an agreement for settlement of a pending suit to enforce a maritime lien expressly provided that the settlement should not be effective unless the sum agreed on was paid and notes given for a part of the sum were not paid, libelant *held* to have the right to return the notes and bring suit on his original claim.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

Suit in admiralty by the Morse Dry Dock & Repair Corporation against the Olympia Shipping Corporation. Decree for libelant, and respondent appeals. Affirmed.

Walter F. Welch, of New York City, for appellant.

William F. Purdy, of New York City (Macklin, Brown, Purdy & Van Wyck, of New York City, and Hughes, Vandeventer & Eggleston and John W. Eggleston, all of Norfolk, Va., on the brief), for appellee.

Before KNAPP and WOODS, Circuit Judges, and WATKINS, District Judge.

KNAPP, Circuit Judge. In June and July, 1919, at the port of New York, the appellee, Morse Dry Dock & Repair Corporation, furnished "repairs, supplies, and other necessaries" to the steamship Parthian, then owned by the appellant, Olympia Shipping Corporation, to the claimed amount and value of $30,000.17, for which it filed a libel against that vessel in the Southern District of New York. Afterwards and pending trial an arrangement was made by which the appellee agreed to accept $25,000 in full—$15,000 in cash and $10,000 in short-time notes—on condition that the notes be paid at maturity. Accordingly, in January, 1920, on stipulation of the parties, an order was entered discontinuing the suit.

The notes were not paid, and after all of them became due this libel in personam was filed in the Eastern District of Virginia, where jurisdiction was obtained by attachment of the schooner Ruth E. Merrill, belonging to appellant, the libelant suing for its original bill of $30,000.17, less the $15,000 which had been paid. The defense set up was the compromise and settlement of the claim in the New York suit, the contention being made that the court below was without jurisdic-

tion because the appellee's only remedy was an action on the unpaid notes in a court of common law.

But the treasurer and general manager of appellee, with whom the compromise arrangement was personally made, testified that he was unwilling to discharge the lien on the Parthian unless the entire $25,000 was paid in cash, that he consented to take the notes only on condition that if they were not paid when due "the claim would revert to its original condition as to amount, lien," etc., and that this was agreed to by the appellant; and the latter's treasurer and general manager, who represented it in the negotiations, virtually admitted that the notes were accepted on that condition.

[1] The mere statement of these facts is sufficient to show that the appeal is without merit. When a suit is discontinued the situation is the same as though it had never been brought. Loeb v. Willis, 100 N. Y. 231, 235, 3 N. E. 177; Hanson v. Hanson, 234 Fed. 853, 856, 148 C. C. A. 451. In the latter case it is said:

"There can be no such thing as a discontinuance on the merits, because on discontinuance the merits are not in issue or determined. Such an order is not a judgment nor a bar."

[2] The agreement to accept $25,000, partly payable in notes, was upon the express condition that the notes should be paid as they matured, and the failure to meet that condition left the appellee free to return the dishonored notes, as it did at the trial, and to take any lawful proceeding to collect the original debt. An accord without satisfaction is a nullity. And it is well settled that the acceptance of notes in payment of a repair bill, under the facts here established, does not waive or discharge a maritime lien or preclude the repairman from enforcing such a lien. The Emily B. Souder, 84 U. S. (17 Wall.) 666, 21 L. Ed. 683; Robins Dry Dock & Repair Co. v. Chesbrough, 216 Fed. 121, 125, 132 C. C. A. 365.

The decree appealed from will be affirmed.