HARRIET E. OSTRANDER, Appellant, v. GEORGE N. OSTRANDER, Respondent.

Third Department, December 28, 1921.

Compromise and settlement — agreement to pay less than conceded amount invalid unless supported by other consideration — settlement binding upon parties where there was an honest dispute between them as to amount due and compromise was effected by agreement upon intermediate amount of claim.

An agreement to pay less than the conceded amount due is not valid unless supported by some other consideration, but. where there is an honest dispute between the parties as to the amount due, a settlement by fixing an intermediate amount is binding upon both parties as it is the settlement of a disputed claim and the law favors such settlements.

Accordingly, where it appears that there has been a settlement of an honest dispute arising from a claim by the plaintiff against her husband as to the amount of her securities and money which he had used, and that the compromise contemplated peace and not a litigation of the old matters, and that a new obligation was entered into, such settlement was binding, and the plaintiff's contention that it was not valid if more than a certain amount was due her was not well taken, since it is immaterial whether the amount agreed upon is too large or too small; the important question is whether it was an honest dispute and did they settle it.

WOODWARD and COCHRANE, JJ., dissent.

APPEAL by the plaintiff, Harriet E. Ostrander, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Saratoga on the 14th day of June, 1921, upon the verdict of a jury of no cause of action, and also from an order, entered in said clerk's office on the 13th day of June, 1921, denying plaintiff's motion for a new trial made upon the minutes.

*Brackett, Todd, Wheat & Wait* [*Edgar T. Brackett* and *William E. Bennett* of counsel], for the appellant.

*Edward M. Angell,* for the respondent.

JOHN M. KELLOGG, P. J.:

In December, 1918, a real dispute existed between the husband and wife as to the amount of her securities and money which he had used. She claimed he had borrowed from her, to be returned in kind, $18,000 of Finch, Pruyn & Co., Inc., bonds, another bond of $1,000 and $750 in money, together

with interest thereon for several years. He denied the claim, but conceded he did owe her $17,000 in Finch, Pruyn & Co., Inc., bonds and $1,350 in money, and denied that he owed her any interest. They settled the dispute by agreeing that he should pay her in money $20,000 as soon as the other obligations incurred in building their house were paid and that he would pay her $100 January first for interest and an equal amount the first of each month until the principal was paid, which payments have since been duly made. There is no substantial dispute about the agreement fixing the amount at $20,000 and providing that it should bear interest of $100 a month until paid, the first payment being January 1, 1919. She denies that she understood that the time of the payment was extended. The question presented here is upon exceptions to the charge and to the refusal of the court to charge certain requests made by the plaintiff. The plaintiff had handed up certain requests to charge. At the conclusion of the charge plaintiff's counsel asked if the court had marked the requests. The court replied: " I have taken some part of all of them and some part of some of them. I will leave it to you to make special requests." We are, therefore, interested only in the special requests. The court charged that if there was an agreement of extension it was valid, and the plaintiff requested the charge that if there was actually due to the plaintiff in December, 1918, $20,000, or a sum greater than it, any agreement to postpone the time of payment was without consideration and void. A refusal and exception followed. This request, and a circumstance of the trial, make plain the position taken by the counsel and court. The defendant suggested that in view of the admission of the plaintiff that there was an agreement that the principal should be $20,000, that that eliminated all other questions except whether there was an extension of the time of payments. The court asked " Isn't that so," to which the reply was made, " If he owed this plaintiff a certain sum of money at a certain time, there is no agreement to take less that is founded on any consideration whatever, or any agreement to extend the time of payment. If he owed that amount of money, we have a right to get the amount as it was and figure it up," to which the court replied, " There was a difference between herself and her

husband sometime prior to January 1, 1919, as to the amount of money that he owes her, and she says now that they agreed upon $20,000." Defendant's counsel replied, " A settlement of an honest dispute, of course, an agreement would count, but here is an amount where she has testified there was a certain sum loaned to him, a certain figure he was to repay," and that she had a right to ask the jury to determine that the amount claimed by her is correct and that the dicker about a less amount is without consideration, to which the court replied that they had a perfect right to make the agreement, to which plaintiff's counsel replied, " Unless it was in the settlement of an honest dispute." The court: " We will assume it was." Plaintiff's counsel: " If, for example, she loaned him $25,000, and he finally said he would pay her $20,000 — The court: And she agrees to accept it." Plaintiff's counsel: " It wouldn't be of the slightest consequence." Defendant's counsel: " If the plaintiff claimed she loaned him $25,000 and he claimed that the loan was $15,000, and they agreed upon $20,000, there can't be the slightest question * * * but what the $20,000 would be binding upon both."

No objection was taken to the statement of the court that we will assume it was the settlement of an honest dispute, and I think it is unnecessary to further consider that question. An agreement to pay less than the conceded amount due is not valid unless supported by some other consideration, but where there is an honest dispute between the parties as to the amount due, a settlement by fixing an intermediate amount is binding upon both parties, as it is the settlement of a disputed claim and the law favors such settlements. A novation may be the substitution of other parties, or it may be the substitution of other obligations or contracts. We must not get confused by the law applicable to accord and satisfaction. A simple accord without a satisfaction is unavailing, but if the agreement contemplates that it takes the place of the former agreement, that is effectual either as an accord and satisfaction or novation, the consideration of which is the settlement of the disputed claim. (*Moers* v. *Moers*, 229 N. Y. 294; *Bandman* v. *Finn*, 185 id. 508; *Wehrum* v. *Kuhn*, 61 id. 623; *Sears* v. *Grand Lodge A. O. U. W.*, 163 id. 374.)

*Reilly* v. *Barrett* (220 N. Y. 170) was the construction of

a pleading, and the court held that the answer showed a simple accord and not a satisfaction, saying: " If his claim be that his promise was accepted in satisfaction, that he must plead. The burden is upon him to show the existence of a bar. (*Babcock* v. *Hawkins,* 23 Vt. 561.) The answer clearly shows an executory agreement by which the defendant agreed, within a reasonable time, to pay the plaintiff the sum of two hundred dollars, and by which the plaintiff agreed to accept that sum when tendered in settlement of the action, and thereupon to discontinue such action without costs. There is no allegation that the defendant's promise was to be received in satisfaction, and no facts pleaded from which such an inference can be drawn. The answer is, therefore, defective in that it pleads only an accord."

Here we have an important element in addition to the settlement of the disputed claim. At least $17,000 of the plaintiff's alleged claim was not to be paid in money. That obligation was evidenced by a writing which certified that she had loaned to him seventeen Finch, Pruyn & Co., Inc., bonds with the understanding that they shall be replaced from the bonds now held by the Albany Trust Company as collateral to his loan. Those were also Finch, Pruyn & Co., Inc., bonds. The obligation, therefore, was solely to return like bonds and not money, and by the settlement the defendant undertook to pay money and not bonds, and the settlement agreement was made sometime in December but the first monthly payment of $100 interest was to be made January first, following, thus being in some part a payment in advance of interest, and the agreement has been performed for several years.

To show that there was an honest dispute a brief reference may be made to the facts. Soon after their marriage in 1913 the defendant began the erection of a house at Saratoga Springs. They expected it would cost from $50,000 to $75,000. The work was fairly in progress when it was discovered that the cost would not be less than $100,000. The defendant was unwilling to go on with the house on account of such cost. Both were anxious to have the house built and, as she testified, she offered to let him have her money. " I said, I will let you take my money, or you can use my money." He says he understood she contemplated a gift but he was unwilling

to accept the gift and, therefore, gave her the memorandum referred to. The house was completed and furnished, resulting in an indebtedness of some $50,000 to outside parties. They moved into it and have resided there as husband and wife ever since. He claimed that under the agreement and the circumstances, considering the manner in which the money was being used, it was as much in her interest as his, and that no interest accrued. We need not consider the merits of the controversy; it is sufficient to say that there was at least some legal or moral ground for his contention. In any event there was an honest dispute and that dispute was settled. Since the settlement defendant has paid about $40,000 on the indebtedness which existed at that time on account of the house, and the amount unpaid is now small. The settlement produces the result that $20,000 was due. Therefore, the plaintiff is benefited if the claim did not draw interest but loses if she could add interest. But, as we have seen, the compromise contemplated peace and not a litigation of the old matters. The family dispute was settled and a new obligation entered into. The courts favor a family settlement. Such settlement was binding. The contention of the appellant that the settlement is not binding if there was more than $20,000 due to the plaintiff is not well taken. Upon the same theory the defendant might claim the settlement was not binding upon him if less than $20,000 was due her, with the result that no settlement of a disputed claim can be had. The very idea of a settlement of a disputed claim is that each party has yielded somewhat; that the settlement does not represent the actual fact, but a compromise and concession made to settle a dispute, and in that view it is immaterial whether the amount agreed upon is too large or too small; the important question is whether it was an honest dispute and did they settle it. The exception to the charge and to the refusal to charge were not well taken. The judgment may rest comfortably upon the facts. The judgment and order should, therefore, be affirmed, with costs.

H. T. KELLOGG and VAN KIRK, JJ., concur; WOODWARD and COCHRANE, JJ., dissent.

Judgment and order affirmed, with costs.