---

## THE JOY.

### (District Court, E. D. New York. April 27, 1923.)

Accord and satisfaction &⟶17—Compromise and settlement &⟶2, 20(2)—Transaction held an unexecuted accord, not a compromise, and not enforceable by party not performing.

Where, to effect immediate settlement of claim for charges for work done on repair contract, it was agreed that contractor should take $5,000 in settlement of his bill, $3,000 of which was paid on account, and $2,000 was to be paid after the work was tested, but after such test the owner did not pay the $2,000, *held*, that this was not a compromise, but an accord without satisfaction, and the owner, not showing performance on his part, could not rely thereon to defeat recovery by the contractor of more than $5,000 for his work.

In Admiralty. Libel by the National Dry Dock & Repair Company, Inc., against the gasoline yacht Joy, her engines, boilers, etc. Judgment for libelant.

Purrington & McConnell, of New York City, for libelant.

Forrest S. Chilton, of Brooklyn, N. Y. (Andrew C. Morgan, of New York City, of counsel), for claimant.

CAMPBELL, District Judge. In this action the libelant seeks to recover the reasonable value and profit at current prices of certain supplies, etc., furnished to make certain repairs on the gasoline yacht Joy, etc. During the progress of the work a question arose as to the amount of the charges, and after a conversation it was agreed between libelant and the owner that, in order to effectuate an immediate.

settlement, the libelant would take $5,000 in settlement of the bill and complete the orders already given. Three thousand dollars was paid on account, and the balance of $2,000 was to be paid after testing the engines.

The engines were tested and found to operate perfectly, and I find that the test so had was the test contemplated in the agreement between the parties, expressed in the receipt of December 26, 1922. After the test of the engines, the owner did not pay, nor did he even tender payment of, the balance of $2,000 as required by said receipt.

We thus have an accord, without satisfaction, and, if the claimant relied upon this accord, then the burden is on him to show his performance, which would constitute satisfaction. Brown v. Spofford, 95 U. S. 474, 24 L. Ed. 508; First Nat. Bank v. Leech, 94 Fed. 310, 36 C. C. A. 262; Shubert v. Rosenberger, 204 Fed. 934, 123 C. C. A. 256, 45 L. R. A. (N. S.) 1062; Olympia Shipping Corp. v. Morse Dry Dock & R. Corp. (C. C. A.) 275 Fed. 199.

The claimant contends that the agreement represented by the receipt of December 26, 1922, was not an accord, but was in reality a compromise agreed on between the libelant and claimant, to fix the amount of libelant's claim, and represented the settlement of a claim as to which there had been an honest dispute, and cites in support of his contention Ostrander v. Ostrander, 199 App. Div. 437, 191 N. Y. Supp. 470.

I do not think that is an authority in this case, because clearly by the agreement of December 26, 1922, the libelant and claimant fixed an amount which was to be accepted under certain conditions, one of which was the payment of $3,000 at the time, and the other the payment of $2,000 when the engines were tested. The fixing of the time for the final payment in that manner shows the intention that the settlement was not to be a complete settlement until that payment was made, and thus constituted an accord, but which was not followed by satisfaction, nor even a tender of satisfaction.

It therefore seems to me that under the cases cited the libelant had a clear right, on the failure of the claimant to perform the agreement and make the payment of the $2,000 at the time provided, to recover the whole value of the work performed by it, and was not bound to limit its recovery to the amount of $5,000, less the $3,000 paid on account, which would have been the case, had the payment of the $2,000 been made as provided in said agreement.

As to the extra work, that, of course, was not contemplated by the agreement of December 26, 1922, because that was intended to cover only the work already performed plus the work required under orders which had been given.

All of the exceptions to the commissioner's report are therefore overruled, and judgment is awarded to the libelant as recommended by the commissioner.