## The Clan MacLeod.[1]

### Millard *et al. v.* The Clan MacLeod.

*(District Court, E. D. New York. March 13, 1889.)*

SHIPPING—MASTER—POWER TO CONTRACT.

A contract made with a tug by a ship-master 60 miles at sea, that the tug shall take him into port, and about the harbor when required, and to sea again when his vessel is ready, is void, as beyond the scope of the master's authority.

In Admiralty.

Action against the bark Clan MacLeod, to recover the amount of an alleged towage contract entered into by the master of the bark.

*Wilcox, Adams & Macklin*, for libelant.

*Owen, Gray & Sturges*, for claimant.

BENEDICT, J. This is an action *in rem* against the bark Clan MacLeod to enforce a lien upon that vessel, supposed to have been created by a

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

towage contract entered into by the master of the ship. It appears in evidence that the bark Clan MacLeod was purchased by the claimant when she was ready to depart from Gravesend, England, for the port of New York. At the time of the purchase she was in charge of a master, whom the claimant at once discharged by reason of drunkenness. The same night, however, the master sailed the vessel out of the port for New York. When he arrived some 60 miles off the port of New York, he was met by a tow-boat owned by the libelant; and he then made a contract with its master to employ the tug to tow the bark into the harbor of New York, and to tow her after her arrival, if requested, in said harbor to any place therein, and as often as it became necessary for said vessel to change her location, and also to take her to sea when ready therefor, if desired; for which the master agreed to pay the sum of $400. The owner, having refused to acknowledge the contract or admit the reasonableness of the demand, offered to pay $100 for the towing into New York, but refused to pay more, whereupon this action was brought to recover the $400. In my opinion the contract entered into by the master was beyond the scope of his authority, for the reason that it was a contract for services not necessary at the time, and as to the necessity for which in the future the master could know nothing. If he could be said to know that the ship must some time proceed to sea again, he could not know that the owner would desire to have her towed to sea, nor could he know whether any, and, if any, what towing of her would be required when in port. The contract was hardly more than a wager contract, and in my opinion was void, as being beyond the scope of a master's authority. The evidence as to the value of the services rendered shows that the $100 which was paid into court on the tender was sufficient compensation for the work done. Let the libelant recover $100, less the costs in this action since the tender.