## THE JAMES T. EASTON.

## THE QUAKER CITY.

## THE G. C. ADAMS.

## EDICOTT v. THE JAMES T. EASTON, THE QUAKER CITY, AND THE G. C. ADAMS.

(*District Court, E. D. New York.* February 25, 1892.)

1. MARITIME LIENS—SUPPLIES—MORTGAGES—ANTECEDENT INDEBTEDNESS.
   A mortgagee of a vessel, who has taken the mortgage for an antecedent indebtedness only, and without inquiry as to existing liens, is not in the situation of a *bona fide* purchaser, and has no equity superior to a material-man who has a lien for necessary supplies furnished on the credit of the vessel.

2. SAME—DISCHARGE BY THIRD PERSON'S NOTE.
   The note of a third person, when taken for an antecedent debt of a vessel, is no discharge of the maritime lien of the person receiving it.

In Admiralty. Suit to recover for supplies furnished; mortgagees defending as prior lienors. Decree for libelant.

*Shipman, Larocque & Choate*, for libelant.
*McCarthy & Berier*, for claimants.

BROWN, District Judge. The above-named propellers were owned by Samuel Schuyler of Albany, treasurer of the corporation known as "The Schuyler Steam Tow-Boat Company." They were used as helpers in the business of the line, and had been accustomed for some years to obtain supplies, mostly in the engineers' department, from the libelant at Jersey City, as the same might be wanted at this end of their trips. From May, 1890, to the close of the year supplies were furnished to the above-named propellers, as well as to other propellers belonging to the Schuyler Line. The supplies were all ordered by the captains of the different boats at the libelant's place of business in Jersey City, and were necessary for the vessels. The libelant had no acquaintance with the owner. Bills were rendered for the supplies furnished to each boat separately, and the same were charged and rendered as against the boat. I find that the credit was given to the various boats, and that the libelant has a maritime lien therefor, as well also as a lien of indefinite continuance under the statutes of the state of New Jersey, if the state statutes can be held applicable to foreign vessels. See *The Lyndhurst*, 48 Fed. Rep. 839, (Jan. 11, 1892.)

The claimant, the Lehigh Valley Coal Co., a mortgagee of the three vessels, took mortgages thereon respectively for the sum of $15,000, $15,000, and $8,500, recorded in the office of the county clerk at Albany, on the 31st of December, 1890. These mortgages, as appears from the testimony of Mr. Barrett, were not given upon any new consideration, but for an antecedent debt for coal furnished to these and other boats, probably during a considerable period, like that covered by the libelant's supplies. He testifies that when they took the mortgages they had no notice of the libelant's liens. But it does not appear that any inquiry was made; and the evidence indicates that the mortgagee parted with nothing on the strength of its mortgages. It was, therefore, not in the position of a *bona fide* purchaser, as in the *Case of The Lyndhurst, supra,* paying the value of the property, and making all reasonable efforts to find any outstanding incumbrances and finding none. The mortgages in the present case conveyed only the interest of the mortgagor, and subject to such liens as existed against the vessel. The mortgagee has, therefore, no equity superior to that of the libelant. The supplies furnished by the mortgagee were, so far as they were furnished to these vessels, of the same legal grade as the supplies furnished by the libelant. The question of laches does not, therefore, properly arise, since there is no later superior equitable right.

The taking of the Schuyler Steam Tow-Boat Company's note was not a discharge of the lien of the libelant. Under the relation of Mr. Schuyler to the company as its treasurer there is even less ground for drawing any inference that the company's note was taken in discharge of the lien, than exists in ordinary cases where the note of a third person is received. And there the rule is well settled that the note of a third person, when given for an antecedent debt, is no discharge. *Noel* v. *Murray*, 13 N. Y.

167; *Hall v. Stevens*, 116 N. Y. 206, 22 N. E. Rep. 374. In courts of admiralty the law has been the same, since the *Case of Barque Chusan*, 2 Story, 455, 466–470, which in many respects is like the present case. See, also, *The Chelmsford*, 34 Fed. Rep. 399; *The Gen. Meade*, 20 Fed. Rep. 923. Decree for the libelant, with a reference to ascertain the amount due, if not agreed upon.