### THE ALFRED J. MURRAY.

#### AMERICAN TOWING & LIGHTERING CO. v. THE ALFRED J. MURRAY.

(District Court, D. Maryland.    March 9, 1894.)

1. MARITIME LIENS—INNOCENT PURCHASERS—TAKING VESSEL FOR DEBT.
   One who takes a barge in payment of a debt is not an innocent purchaser, so as to entitle him to the benefit of the rule that, when the business in which a vessel is engaged is divided into distinct seasons of activity, old claims must be enforced before the debts growing out of the next season are incurred.

2. SAME—EXTINGUISHMENT—TAKING NOTE.
   The taking of a note does not extinguish the lien, unless such was the understanding of the parties.

Libel by the American Towing & Lightering Company against the barge Alfred J. Murray.

Robert H. Smith, for libelant.

R. M. McSherry and Alan McSherry, for respondent.

MORRIS, District Judge. If the claimants of the barge were the same owners who contracted the debts for which maritime liens are asserted by the libelant and petitioners, there would be no doubt of the respective rights of the libelant and petitioners to enforce their liens in rem against the barge. The only ground of defense is that, by laches in allowing their respective claims for towage and supplies to run on, accumulating during the year preceding the sale to the present owners, they have been guilty of such laches as estops them from now asserting the lien against the barge in the hands of her present owners.

The present owners obtained title May 9, 1893, from J. A. and C. Griffin, who owned the barge at that date, and who were the owners when the claims of the libelant and petitioners were contracted. They had failed in business in April, and owed the claimants a debt, in payment of which they had nothing to offer except their interest in the barge, and the claimants, in their effort to secure something, obtained their title to the barge. The claimants were creditors of J. A. and C. Griffin, just as the libelant and petitioners were, except that they had no lien on the barge for their debt. The claimants were not, therefore, purchasers for value who paid money on the faith of their purchase, but simply unsecured creditors seeking to get what they could on account of their debt.

The rule which applies to the case of a purchaser for value does not apply to them. They knew, from specific information, that there were some small unpaid claims for supplies, and they took the chances as to there being others. They acquired only the interest of their debtors. The Key City, 14 Wall. 660; The James T. Easton, 49 Fed. 656. Undoubtedly, there are many cases in which so long a delay in enforcing a maritime lien as in this case would properly be held to be laches, but the circumstances which excuse the nonenforcement are always to be considered.

With regard to the libelants, they could not conveniently have caused the arrest of the barge, except when she was in the prosecution of a voyage, and as to the petitioners, although she was frequently in her home port, in New Jersey, where they lived, it was only for a brief interval, when she was discharging or loading, and from December to March she was laid up for the winter at a distance on a remote river of Virginia. Their claims were all small compared to the value of the barge, and were for items of a continuing account. When barges and vessels are used in a business in which the year is divided into distinct seasons of activity, it is a wise rule which requires that, as against purchasers for value or meritorious lien claims, old claims must be enforced before the debts growing out of the next season are incurred; but

the claimants in this case were not purchasers for value, and are not entitled to the benefit of that rule.

The taking of a promissory note by the libelants does not affect their rights to maintain their lien. It is established law that the taking of a note does not extinguish the lien of the claim for which it was given unless such was the understanding of the parties.

The first item—$60.09—of Tunison's account is disallowed.

The claims are allowed, without interest and without costs.