## THE OSCODA.

(District Court, N. D. New York. February 16, 1895.)

1. ADMIRALTY JURISDICTION—BREACH OF TOWAGE CONTRACT.
   A propeller which, after agreeing to tow a barge on the Great Lakes during an entire season, abandons her before the end thereof, is liable in rem for breach of the contract, and such liability is a matter of admiralty jurisdiction.

2. ADMIRALTY PLEADING—ALLEGATION OF DAMAGES.
   A libel against a tug to recover damages for the abandonment of a contract to tow a barge during an entire season should point out the manner in which the alleged damages arose, and a mere statement of a gross sum is subject to exception.

This was a libel by Henry A. Pierce, master and owner of the barge Harvey Bissell, against the propeller Oscoda (George Ryan, master), to recover damages for breach of a towage contract. The part of the libel which sets out the contract, the breach thereof, and the claim for damages, is as follows:

"The said propeller Oscoda did make and enter into a certain contract with this libelant wherein and whereby the said Ryan, as master, agreed to take and receive the said barge Harvey Bissell as a part of the tow of the said Oscoda for the whole season of navigation of 1894 upon the Great Lakes and waters adjacent and connected thereto and connecting the same, together with the barges of C. G. King and Ida Corning as consorts, to furnish the said Bissell with cargo and loads during said season, and to pay all commissions and towage for a valuable consideration then and there agreed upon. That said parties entered upon the execution of said contract as therein provided. That on or about the 1st day of September, 1894, and without the consent of the libelant, said propeller Oscoda deserted the said Harvey Bissell at the port of Buffalo, N. Y., against the wish of this libelant, and contrary to the terms of said contract, and failed and neglected to tow the said Bissell, or to furnish the said Bissell with any cargo, or to pay said commissions or towage, and at all times since said 1st day of September, 1894, has failed and neglected to keep or perform any part of the said contract or agreement. That your libelant has performed all the conditions of the said contract on his part. That by reason of the premises afore-

said your libelant has suffered loss and damage to the amount of ($1,000) one thousand dollars. That the libelant relied upon the credit of said vessel, as well as upon that of the owner and master thereof, and the libelant would not so as aforesaid have entered upon the said contract except upon the credit of said vessel. That there is due to the libelant, by reason of the premises, the sum of one thousand dollars and interest thereon from the beginning of this action, over and above all payments, set-offs, and discounts, for which sum the libelant claims he has a lien upon said propeller Oscoda, her boats, tackle, apparel, and furniture."

Perkins & Welch, for libelant.
Harvey L. Brown, for respondent.

COXE, District Judge.    The libelant seeks to enforce a lien upon the propellor Oscoda for damages occasioned by the breach of a partly executed contract of towage.    The exceptions dispute the jurisdiction of the court.    I am of the opinion that the propeller, having entered upon the agreement to tow the libelant's barge during the entire season of 1894, is answerable in rem for the breach of the agreement by the abandonment of the barge in September.    The G. L. Rosenthal, 57 Fed. 254; The Oregon, 5 C. C. A. 229, 55 Fed. 666, 677.    The libel is also excepted to because the allegations of damage are indefinite and uncertain.    In view of the somewhat unusual character of the agreement it is thought that the libel should point out the manner in which the alleged damages arose with sufficient distinctness to enable the respondent to meet the claim at the trial.    The fourth exception is sustained.    The others are overruled.    The libelant may amend within 20 days.