## ROBINS DRY DOCK & REPAIR CO. v. CHESBROUGH.

(Circuit Court of Appeals, First Circuit. July 10, 1914. Rehearing Denied August 11, 1914.)

### No. 1048.

1. ADMIRALTY (§ 32*)—DISTRICT OF SUIT—SUIT IN ADMIRALTY.

The rule which practically prohibits suits by attachment, by garnishment, or otherwise in the federal courts outside of the districts of the residence of the parties, has ordinarily no application to suits in admiralty.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 306–312; Dec. Dig. § 32.*]

2. ADMIRALTY (§ 108*)—APPEALS—TIME FOR TAKING—"LAW."

A rule of the District Court fixing the time for the taking of appeals in admiralty is not a "law" within the meaning of the proviso of Act March 3, 1891, c. 517, § 11, 26 Stat. 829 (U. S. Comp. St. 1901, p. 552), creating the Circuit Court of Appeals, which, after providing that no appeal or writ of error by which any order, judgment, or decree may be reviewed in such courts shall be taken or sued out, except within six months after the entry of such order, judgment, or decree, further provides that, "in all cases in which a lesser time is now by law limited for appeals or writs of error, such limits of time shall apply to appeals or writs of error in such cases taken to or sued out from the Circuit Courts of Appeals," and notwithstanding such rule the time for taking an appeal is governed by the six months' provision.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 727–730, 793; Dec. Dig. § 108.*

For other definitions, see Words and Phrases, vol. 5, pp. 4014–4023; vol. 8, p. 7701.]

3. ADMIRALTY (§ 14*)—JURISDICTION—TAKING OF BOND AND MORTGAGE TO SECURE MARITIME CLAIM.

Where a debt was for material and supplies furnished to vessels and cognizable in admiralty, the right to sue thereon in admiralty was not affected by the taking of a bond and mortgage for the same unless such was the express intention of the parties.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 177–180; Dec. Dig. § 14.*]

Dodge, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the District of Massachusetts; Jas. M. Morton, Jr., Judge.

Suit in admiralty by the Robins Dry Dock & Repair Company against Fremont B. Chesbrough. Decree for respondent, and libelant appeals. Reversed.

Edward Sandford, of New York City (Blodgett, Jones, Burnham & Bingham, of Boston, Mass., on the brief), for appellant.

G. Philip Wardner, of Boston, Mass. (Carver, Wardner, Cavanagh & Walker, of Boston, Mass., on the brief), for appellee.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PUTNAM, Circuit Judge. [1] This is a libel in personam in admiralty by a citizen of the state of New York against a citizen of the state of Michigan, brought in the District Court for the District of Massachusetts. It was apparently brought in that district for the purpose of attaching property which was in that district, including a garnishment of garnishees residing there. This was permissible, because the statutes limiting the jurisdiction of the federal courts to particular districts do not always relate to suits in admiralty; and the rule as re-announced in Big Vein Coal Co. v. Read, 229 U. S. 31, 33 Sup. Ct. 694, 57 L. Ed. 1053, May 26, 1913, which practically prohibits an attachment by garnishee, or otherwise, outside of the districts of the residences of the parties, has ordinarily no application to suits in admiralty, and the corresponding order of notice which is an inherent incident of such suits is not barred from such proceedings. No point has been made of this, and the respondent appeared in the District Court without questioning the jurisdiction on this account; but we deem it proper to make reference to the exceptional character of this class of suits, now so fully settled by the authorities.

[2] The decree of the District Court having dismissed the bill, the proponent below took this appeal, and the respondent seasonably moved to dismiss on the ground that the appeal was not taken in season.

The right of appeal is given by the eleventh section of the act of March 3, 1891, 26 Stat. 829, establishing this court. So far as we can discover, that section still stands, with a re-enactment of the concluding sentence, which now appears in section 132 of the Code of March 3, 1911, 36 Stat. 1134. Changes made there are merely literal, and can in no way affect this case. Section 11 provides that no appeal shall be taken "except within six months after the entry of the order, judgment, or decree sought to be reviewed." The section provides, however:

"That in all cases in which a lesser time is now by law limited for appeals, * * * such limits of time shall apply to appeals * * * in such cases taken to * * * the Circuit Courts of Appeals."

The section further provides as follows:

"And all provisions of law now in force regulating the methods and system of review, through appeals, * * * shall regulate the methods and system of appeals * * * provided for in this act in respect of the Circuit Courts of Appeals," etc.

The appellant claimed that the statute gave him six months within which to appeal, and the appeal was taken within that period.

The grounds of the motion seem to be two. One is that the terms of the statute state only the extreme limit within which time an appeal must be taken. The other is that, inasmuch as the rules in this district when the statute establishing this court was enacted required appeals in admiralty to be taken in the District Court within ten days from the rendering of the decree, the rules have the effect of law as the word "law" is used in section 11 of the act referred to.

The cases cited by the appellee from the Supreme Court give no special effect to the proposition that a judge of a court must obey its rules, and that, so far as he is concerned, the rules generally have the force of law; but there are many cases in which the court may of its own

motion waive the special application of a rule, and, while the decisions use the expression, "force of law," none cited by the appellee, and none of which we are aware, go to the extent of holding that any rules of the class referred to by the appellee operate as "laws" within the meaning of section 11 referred to.

The practice is given as claimed by the appellant in Benedict's Admiralty (4th Ed. 1910) 571, and is directly sustained by the Circuit Court of Appeals for the Eighth Circuit in The City of Naples, 69 Fed. 794, 795, 16 C. C. A. 421, and by the Circuit Court of Appeals for the Sixth Circuit in The New York, 104 Fed. 561, 565, 44 C. C. A. 38. We see no reason why we should not apply our usual rule in following the decisions of the Circuit Courts of Appeals in other circuits, especially in the present case where there is no contravening decision, and the results conform to our views. Therefore the motion to dismiss on the ground that the appeal was not seasonably taken has no force.

[3] The libel was brought for material and supplies furnished to three registered or enrolled steamers. The parties assume that these supplies were furnished within the state of New York; but there is no allegation to that effect. It may be inferred from the fact that the shipyard where the work on the vessels was done, or may be assumed to have been done, was in the state of New York. The parties also assume that after some time the accounts against the vessels were settled by a promissory note. That is an error, because no promissory note was given, but a mortgage containing an obligation, which mortgage was based on the form prescribed by the Department of Commerce and Labor, and was in substance what is ordinarily known in New York as a "bond and mortgage." We will see, however, that there was nothing in these errors or oversights, whichever they may be, which justifies the decree entered in the District Court from which this appeal is taken. That decree was as follows:

"The libel in this cause was entered at the September term, 1912, of this court, and, upon consideration thereof, It is now, to wit, June 27, 1913, ordered, adjudged, and decreed that the libel do stand dismissed for want of jurisdiction, without a hearing on the merits of the case, and without costs to either party."

The ground of dismissal is not stated in the decree, except that it was for want of jurisdiction. Neither was there any formal opinion explaining the views of the court as to the want of jurisdiction, or anything said by which they can be definitely ascertained. It was expressly stated, however, that the dismissal was without a hearing on the merits. It also will be assumed that the ground for dismissal was not the want of jurisdiction of that class which would take the case directly to the Supreme Court. No doubt it was because the learned judge of the District Court thought that the original accounts for supplies and labor had been merged in an obligation under seal over which the courts of common law alone had jurisdiction.

It seems that, after many dealings in partial adjustment pro and con, Chesbrough, who was libeled on account of what was furnished the vessels, alleging him to be sole owner, gave the plaintiff an instrument under seal by which he bound himself in the sum of $15,000, and mort-

gaged one of the vessels referred to as security for that obligation. This has been spoken of between the parties as a note, but was really a covenant under seal for the payment of the $15,000. The respondent below, now the appellee, insists that the libel was brought on the mortgage, using such expressions as these:

"The libel, as the appellee contends, seeks to recover the balance due on a mortgage given on November 13, 1911."

It also alleges that:

"The libel cannot be considered a suit on the indebtedness on account of which the mortgage was originally given."

Also it says that:

"It would seem clear on the face of the record that this is a suit to recover a balance due on a mortgage, and therefore is not within the admiralty jurisdiction of the District Court."

Also it says:

"The fact that the claim for which the mortgage was given was enforceable in the admiralty, if such is the fact, would not give the admiralty court jurisdiction of a suit on the mortgage."

The fact, however, is that the libel commences as follows:

"On the thirteenth day of November, 1911, the respondent was indebted to the libelant in the sum of $15,000, for certain repairs made and certain supplies furnished, at the request of the respondent, to the steamers Kennebec and Kanawha and to the steamer Felix Carbray, which last-mentioned vessel was then owned by the said respondent."

The libel then follows with the allegation that, to secure the payment of this amount, the respondent mortgaged the steamer to the libelant for the sum of $15,000, and it then proceeds with a long story, showing how the balance due, as shown by the mortgage, became reduced to the sum of $7,388.04, and interest. It also alleges that "all and singular the premises are true and within the admiralty and maritime jurisdiction of this honorable court," and prays the court "to decree payment of the sum due as aforesaid," meaning, of course, the balance of the original debt secured by the bond and mortgage which had not been paid.

Therefore, what we have before us is a libel for the recovery of the balance of a sum incurred for the repairs and supplies to mercantile steamers, and secured by the bond and mortgage aforesaid. We may add that, if the original obligation for the payment for the labor and supplies furnished the vessels had taken the form of an instrument under seal, admiralty, which is international and universal, would have taken no cognizance of the peculiar form of the obligation in this respect.

There is much discussion by the parties with reference to the effect of the taking of a promissory note for a debt in accordance with the law of the state of New York, where undoubtedly these transactions occurred, as both parties concede, although not clearly stated in the pleadings. In these respects, and in some other respects, the libel was apparently hastily drawn in order to secure an attachment, and needed

to be amended in several particulars; but that is not a ground for dismissal for want of jurisdiction, even if it might now have been a ground for dismissal with or without leave given to the District Court to permit amendments. The dismissal ordered, and a dismissal for want of proper detailed allegations, are two very different things; so much so that one cannot take the place of the other; and on this record we have nothing to lay out now except the question of want of jurisdiction on the part of the District Court.

The parties seem to understand, and it is no doubt the fact, that this dismissal was based on the proposition that the original claim or claims were merged in the bond and mortgage given as we have said; so that the original claim or claims were wiped out of existence, and nothing was left except a bond for which there was no relief unless at common law. It is settled, however, by sound reason, and by long practice and acquiescence, that any debt to which a lien or a special ground of relief is attached is not discharged so far as the lien or special ground of relief is concerned by a renewal, or any number of renewals, unless there is something of a peculiar nature which showed that what was done was intended to absolutely merge the original debt. Nothing of that sort appears here; only the usual acknowledgment of satisfaction by reason of the new security being obtained. Independently of the question of the effect of taking a promissory note, which in Massachusetts and Maine is regarded as a discharge of the original debt prima facie, while in New York it is not regarded as such a discharge, the rule is universally applicable, for example, that the taking of a new obligation does not necessarily discharge the original debt without an especial intention on the part of the parties that it should do so. A debt secured by a mortgage, even in either the States of Massachusetts or Maine, may be renewed ad libitum without loss of a lien on the property covered by a mortgage; and it is the universal rule in admiralty that the taking of a new obligation, even a mortgage, does not discharge a lien on the property on which the mortgage is made, and never affects any privilege of relief in admiralty which attached to the original debt. Consequently, there is nothing in this record which shows that the libelant ever lost the right to proceed in admiralty which originally pertained to him.

The decree of the District Court is reversed, and the case is remitted to that court for further proceedings not inconsistent with this opinion; and the appellant recovers his costs of appeal.

DODGE, Circuit Judge (dissenting). I do not think the libel can be fairly construed as asserting any claim other than for the balance due upon the mortgage. The District Court found, in effect, after hearing the witnesses, that the promise to pay set forth in and secured by the mortgage had been accepted in satisfaction of the pre-existing claim for repairs and supplies; and I am unable to find in the record sufficient ground for holding that this finding was wrong. I am therefore obliged to dissent from the result reached by the court.