## THE HOLTHE.

### (District Court, S. D. Georgia, E. D.   March 16, 1918.)

1. SHIPPING ⬤⟹61—LIBEL—AUTHORITY OF MASTER.

Where towage service is for the purpose of assisting the voyage of a vessel, and the vessel assisted is as much in need of outward towage as of towage into port, a contract by the master for both inward and outward towage is not invalid, as beyond his inherent authority.

2. TOWAGE ⬤⟹9—CONTRACTS—LIABILITY IN REM.

Where the master of a tug and a vessel entered into a contract for the towing of a vessel into and out from a port, and the master willfully repudiated so much of it as related to the outward voyage, the vessel is liable in rem; the breach of the contract creating a lien thereon.

3. ADMIRALTY ⬤⟹66—LIBEL—AMENDMENT.

Where a libel alleged that the master of a vessel contracted with the captain of libelant's tug for the towage of the vessel into and out of the harbor, and that, though libelant was ready and willing, the master of the vessel repudiated his contract for the outward towage, a proposed amendment, alleging the particulars of the contract and the circumstances under which it was made, but which did not vary the terms of the libel, is germane, and is properly allowable.

In Admiralty.   Libel by the Savannah Towing & Wrecking Company against the bark Holthe.   On motion to dismiss.   Amendment allowed, and motion to dismiss overruled.

Lawton & Cunningham, of Savannah, Ga., for libelant.

A. Minis, of Savannah, Ga., for defendant.

BEVERLY D. EVANS, District Judge.   The libel alleged that the Savannah Towing & Wrecking Company is the owner of a tugboat, whose captain entered into a contract on behalf of libelant with the captain of the bark Holthe, to tow the bark into and out of the port of Savannah at the customary rates of towage.   In pursuance of the contract libelant with its tugboat towed the bark into the port of Savannah, and has been paid for that part of its contract of towage. The captain of the bark repudiated his contract with libelant to give libelant the outward towage of the bark, although libelant stood ready and willing to perform this service.   The bark is about to leave port. The customary rate of towage in and out of the port is alleged.

On a motion to dismiss the libel, the libelant offered to amend by alleging that the bark Holthe is a Danish ship.   She was lying at anchor 40 miles northeast of Tybee bar, being unable to reach Savannah on account of southerly winds.   While lying in that position she was spoken by the master of libelant's tug, and then and there a contract was made between the masters of the tug and the bark, whereby the tug was to tow the bark to Tybee bar for $150, and into and out of the port of Savannah at the customary rates of towage; the contract being an entire one for whole towage.   The customary towage rates were stated, and it was alleged that the profitable part of the towage is the outward towage, and that it was customary for the contract of towage to cover both inward and outward towage,

and that such an understanding between masters and tugs is common and usual. The motion to dismiss was renewed, and objection made to the allowance of the amendment.

[1] It is urged as matter of law that the contract is void, because it is beyond the scope of authority of the master of the bark Holthe to make such a contract. This assertion is predicated on the proposition that a master of an incoming vessel has no inherent power to contract for outward towage, because his powers to bind his vessel arise out of the necessity of the case, and ordinarily no such necessity can exist for an emergent contract for the outward towage. In 38 Cyc. 554, a towage service is described "as the employment of one vessel to expedite the voyage of another, irrespective of any circumstances of peril, and when nothing more is required than the accelerating her progress, and is confined to vessels that have received no injury or damage." I am unable to find any express adjudication that a master of a vessel at the outward bar of a port may not contract for both inward and outward towage. It is generally conceded that the master of a vessel may contract with the owner or master of a tug for inward towage. I can see no reasonable objection to such contract covering both inward and outward towage, where no invalidity is urged against the contract, other than the inherent power of the master to make it. If towage service is for the purpose of expediting the voyage of a vessel, the vessel assisted is in as much need of outward towage as of inward towage, where the vessel contemplates an immediate return voyage.

A contract between the master of a vessel and a towboat for towage from and to sea was enforced in the case of The Queen of the East (C. C.) 12 Fed. 165, and no question seems to have been raised as to the power of the master of the vessel to make the contract. See, also, G. L. Rosenthal (D. C.) 57 Fed. 254; The Oscoda (D. C.) 66 Fed. 347. I do not think the case of The Clan MacLeod (D. C.) 38 Fed. 447, antagonistic to the foregoing conclusion.

[2] The facts alleged in the libel create a lien on the ship, which is enforceable by a libel in rem. Where the masters of a tug and a vessel enter into an entire contract for the tow of the vessel from and to sea, and the master willfully breaches so much of it as relates to the outward towage, and refuses to accept the tow's offer of performance, the vessel is answerable in rem for the breach of the contract. The G. L. Rosenthal (D. C.) 57 Fed. 254.

[3] The amendment is germane. It amplifies the allegations of the libel by setting out the circumstances under which the contract was made, but does not vary its terms.

The amendment is allowed, and the motion to dismiss is overruled.