### THE HATTIE THOMAS.

### THE ETTA McELROY.

(Circuit Court of Appeals, Second Circuit. January 14, 1920.)

### Nos. 116, 117.

1. MARITIME LIENS ⬦40—NOT LOST BY RENDERING BILLS AND RELYING ON ACCOUNT STATED.
    Where repairs were made on vessels at the request of the owner, so as to create a maritime lien under Act June 23, 1910 (Comp. St. §§ 7783–7787), the maritime liens were not lost by rendering bills to the owner, nor by relying on the retention of such bills without objection as accounts stated.

2. MARITIME LIENS ⬦64—EXISTENCE OF LIEN ADMITTED BY FAILURE TO DENY.
    In a suit in admiralty to enforce maritime liens, the answer admitted, by failure to deny, that the libelant had a maritime lien.

3. MARITIME LIENS ⬦65—AMOUNT OF LIEN MAY BE ESTABLISHED BY ACCOUNT STATED.
    A contract for repairs to vessels being of a maritime nature, the amount of the lien could be established in a court of admiralty by an account stated.

Appeals from the District Court of the United States for the Eastern District of New York.

Separate libels in admiralty by Verdon & Co. against the steam lighter Hattie Thomas, her engines, etc., and against the steam lighter Etta McElroy, her engines, etc.; the Rogers Russell Marine Transportation Company being the claimant in each case. Decree for libelant in each case, and claimant appeals. Affirmed.

Thomas P. McKenna, of New York City (Bernard C. McKenna, of New York City, of counsel), for appellant.

Alexander & Ash, of New York City (Mark Ash, of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. These appeals were argued together and will be treated in one opinion. The appellee in the court below ob-

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tained a decree against the Hattie Thomas for $1,780.84, and against the Etta McElroy for $3,322.90. The libel, as to its material allegations, excepting as to the amount claimed for the work done, is substantially the same in each case. The allegations are as follows:

"Second. Upon information and belief, that at various times between July, * * * at West Bow Brighton, New York, the libelant herein, which at said times was and now is a New York corporation, at the instance and request of the owner of said vessel, or its agent, performed work, labor, and services, and furnished materials, in and about the necessary repair of said vessel, at the price and of the value in the aggregate of * * *, no part of which sum, although demanded, has been paid.

"Third. Upon information and belief, that on or about * * * libelant forwarded and transmitted to the owner of said vessel an account current, or bill of items, of the said work done and materials furnished, amounting in the aggregate to said sum of *. * *, which account current, or bill of items, was retained without objection and thereupon became an account stated.

"Fourth. Pursuant to the provisions of an act of Congress relating to liens on vessels for repairs, supplies, and other necessaries, passed June 23, 1910, libelant's claim aforesaid became and still is a maritime lien upon said vessel.

"Fifth. All and singular the premises are true and within the admiralty and maritime jurisdiction of this court."

The issues raised were referred to a master, and he made the above awards, which were confirmed by the District Judge. That repairs were made upon each of the vessels at the request of the owner of the vessels is not disputed. After the repairs were completed, the appellee forwarded to the shipowner a bill of items for the repairs. As thus rendered, no objection was made at the time.

[1] The contention of the appellant is that liability has been fixed in the court below against the vessels in these actions upon the theory that the appellee's cause of action was upon an account stated. It is claimed that invoking this form of relief, through the legal theory of an account stated, created a novation of the liability, and that admiralty has not jurisdiction. It is further contended that allegation third of the libel, being an attempt by the appellee to allege an account stated, is not a sufficient allegation to sustain a libel for an account stated. The suit is in rem and a maritime lien for the repairs is claimed.

We think the appellant is in error in these contentions. We think that the appellee did not lose its maritime lien, which arose upon the completion of the repairs, because it thereafter rendered bills to the owner; nor did it by alleging in the libel that the bills were retained without objection and therefore became an account stated. When the repairs were made upon the vessels, under the act of Congress of June 23, 1910 (Ann. Comp. Stat. 1916, §§ 7783–7787), the claim became and was a maritime lien upon the vessels, and was such at the time of the filing of the libel.

It will be observed that paragraph second of the libel sets forth a sufficient allegation to establish the maritime lien and the right to maintain the action in rem. The appellee in each action rested its case upon proof that the order for repairs was not disputed, and that the amount of the repairs and the price or value thereof was sent to the owners in the form of an itemized statement, and that such bills were kept, and not returned or objected to. The appellant's witness ad-

mitted the receipt of the bills as proven by the appellee. The appellant's superintendent testified to a conversation he had with one Rogers, president of the corporation which owned the vessels, in which he made no objection, but stated he had considerable money outstanding and expected to pay the bill, and that he would make a substantial payment and arrange for the payment of the remainder. The itemized statement of the materials furnished and the work performed was very lengthy, and would involve very considerable proof, if it was necessary to prove each item separately.

[2] In Morse Dry Dock & Repair Co. v. Munson S. S. Line (D. C.) 155 Fed. 150, affirmed by this court in 158 Fed. 1021, 85 C. C. A. 666, there was an action for repairs in similar form. The suit was in personam. The libel alleged that the respondent engaged the libelant to repair four steamers, that the work was finished, and that there was a balance due. The itemized bills for the work and materials against each vessel were delivered by the libelant to the respondent; the respondent admitted the correctness of the bills and promised to pay the account. The libel was drafted in very much the same language as is this. The court assumed jurisdiction in admiralty, and sustained the libel, and rendered a verdict, which was affirmed in this court, where it was said:

"We think the District Judge was correct in holding that the action was upon an account stated"

—and affirmed upon the District Judge's opinion. Indeed, the answer admits, by failure to deny, that the appellee has a maritime lien. Dunham v. Cudlipp, 94 N. Y. 129.

The acceptance of a note of a third person for a pre-existing debt does not constitute payment, in the absence of an express agreement to that effect. Atlas S. S. Co. v. Colombian Land Co., 102 Fed. 358, 42 C. C. A. 398. And the acceptance of the note of a third person, and taken for debt of a vessel, does not discharge the maritime lien. The James T. Easton (D. C.) 49 Fed. 656. Where a debt was for material and supplies furnished to a vessel, and therefore cognizable in admiralty, it does not deprive a creditor of the right to sue in admiralty by taking a bond and mortgage, unless it appears that such was the express intention of the parties. Robins Dry Dock & Repair Co. v. Chesbrough, 216 Fed. 121, 132 C. C. A. 365. And so a maritime contract is not changed into a nonmaritime contract because of an account stated. Morse Dry Dock & Repair Co. v. Munson Steamship Line, 158 Fed. 1021, 85 C. C. A. 666.

[3] We conclude that the principle of these cases is applicable to the case at bar, where the admiralty jurisdiction is invoked in an action in rem. The nature of the contract being maritime, it was permissible to establish the amount of the lien in a court of admiralty by the method of an account stated. To do so is a mere matter of evidence.

The decrees are affirmed, with interest and costs.