## THE MILLINOCKET.

(District Court, E. D. New York. June 22, 1920.)

1. **Maritime liens** ☞65—**Claim of reliance on third person for payment an affirmative defense as respects burden of proof.**

An answer of a subcharterer to a libel filed against a ship for coal delivered on board, that the subcharterer had entered into a charter party on the vessel with a third person by which the latter was to pay for coal, and that libelants had been informed thereof, was an affirmative defense, of which the burden of proof was on the subcharterer.

2. **Maritime liens** ☞29—**Libelants, dealing personally with third person in furnishing coal, could not assert lien.**

In a proceeding against a ship to recover for coal delivered on board, facts *held* to justify a finding that libelants dealt with a third person personally, and did not rely on the credit of the ship, so that libelants could not assert a lien.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Maritime liens ⬦40—Coal furnishers' lien on vessel held waived.**

In a proceeding against a ship to recover for coal delivered on board, court *held* justified in holding that any lien against the ship had been waived by libelants' attempt to collect from a third person, who was a party to a charter party on the vessel, before seeking payment elsewhere.

**4. Maritime liens ⬦30—Furnishers of coal, notified of charter party, had no lien on vessel.**

Furnishers of coal on board a vessel, after notice of the terms of a charter party requiring one not the owner to pay for all coal, were not entitled to a lien upon the vessel.

In Admiralty. Libel by H. F. Willfuehr and H. Willfuehr, copartners doing business under the name and style of the American Fuel & Shipping Company, against the steamship Millinocket, her engines, boilers, etc. Libel dismissed.

Macklin, Brown, Purdy & Van Wyck, of New York City (Pierre M. Brown, of New York City, of counsel), for libelants.

Leo H. Healy, of New York City (Duncan & Mount and Joseph K. Inness, all of New York City, of counsel), for claimant.

GARVIN, District Judge. [1] This libel was filed against the Millinocket to recover for coal delivered to and placed on board that steamship October 14, 1919. Delivery and price are not in dispute. The answer of Harriss, Magill & Co., Incorporated, alleges that, at the time the coal was ordered and delivered, Harriss, Magill & Co., Incorporated, as subcharterers, had entered into a charter party on the vessel with one Crotois, by which the latter was to pay for all bunker coal supplied to the boat, and that when the coal was ordered the libelants had been informed that Crotois alone was liable therefor. Thus an affirmative defense is raised, and the burden of proof is on the claimant. Three witnesses, none of whom apparently have any interest in the outcome, testified that the facts were made known clearly to libelants when the coal was ordered. Two witnesses, both in the employ of the libelants, deny that such statements were made. The argument of libelants is that the testimony of these two is more convincing than that of the other three, because it is unlikely that coal to such an amount would have been sold upon the responsibility of Crotois alone (who was not known to the libelants), and without recourse to the boat, particularly in view of the fact that the demand for coal was general, and there was no necessity whatever for taking any risk by a sale to one of uncertain responsibility.

[2] On the other hand, it is pointed out that the bunkering contract obligated the libelants to bunker all vessels "belonging to, operated, or chartered by Frederick E. Crotois." I think this indicates that the libelants were prepared to deal with Crotois personally, and, taken in connection with the testimony, justifies a finding that the claimant has sustained the burden of proof. Any significance that may be claimed from the fact that the name of the vessel is typewritten first in the bills for coal, as supporting the contention that the credit of the vessel is relied upon, is offset by the action of the libelants in seeking payment from Crotois before any attempt was made to collect from the

owner. All acts and circumstances must be considered. The Lucille (D. C.) 208 Fed. 424. Upon this finding, no lien upon the vessel can be asserted. The Kate, 164 U. S. 458, 17 Sup. Ct. 135, 41 L. Ed. 512; The Sylvan Glen (D. C.) 241 Fed. 731; The South Coast, 247 Fed. 84, 159 C. C. A. 302; The Oceana (D. C.) 233 Fed. 139.

Two other questions are involved: First, did the libelants waive their lien against the boat by their subsequent conduct? Second, if such lien was not waived, did it attach, irrespective of the agreement made by which Crotois alone was to be liable?

[3] The first question need not be decided, in view of the finding of fact that the libelants were notified that the coal was to be paid for by Crotois and that they were informed of the charter party; but it should be observed that, if a decision were necessary, the court would be fully justified in holding that the lien had been waived by libelants' attempt to collect from Crotois before seeking payment elsewhere. The Eastern (D. C.) 257 Fed. 874. The case is not in conflict with The William B. Murray (D. C.) 240 Fed. 147, and The Hattie Thomas (C. C. A.) 262 Fed. 943. In neither of the latter cases was a charter party involved, nor was the Hattie Thomas Case intended, I take it, to overrule The Eastern.

[4] Finally, it is asserted that libelants had a lien, even if they were notified that the boat was under charter. Coyle v. North America S. S. Corp. (C. C. A.) 262 Fed. 250, and The South Coast, originally decided in the Northern District of California, and reported at 233 Fed. 327, are relied upon in support of this contention. In the Coyle Case the libelant did not know the terms of the charter party, and in the case of The South Coast the charter party was so drawn as to seem rather to concede authority to the charterer to bind the vessel. These cases cannot be held to overrule the well-settled law applicable to the action at bar.

The libel must be dismissed.