### THE ALICE M. COLBURN.

### GILBERT v. WRIGHT & GOWEN CO.

(Circuit Court of Appeals, First Circuit. February 13, 1923.)

#### No. 1599.

1. **Admiralty ⬥66—Amendment of libel by way of bill of particulars held proper.**

   Where the original libel, containing a paragraph that the master had given a draft to cover expenses and disbursements, which were the subject-matter of a lien, was objected to by libelee as too indefinite, it was not error to allow an amendment, in the nature of a bill of particulars, showing for what purposes the moneys were used, since the cause of action was not changed thereby.

2. **Admiralty ⬥119—On libelant's agreement that master's draft should be canceled and attached to files, respondent was not prejudiced by failure to surrender and cancel draft before decree.**

   A decree allowing a lien on a vessel for expenses and disbursements, for which the master had given a draft, need not be reversed on the ground that the draft should be surrendered as a condition precedent to the entry of the decree, where it appeared at the oral argument that the draft was attached to a deposition in the clerk's office, and the libelant agreed that as a condition to the affirmance of the decree the draft should be duly canceled and so incorporated among the court's papers as to remove any possibility of its thereafter being a basis of an action in personam.

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the District of Massachusetts; Mack, Judge.

Libel in admiralty by the Wright & Gowen Company against the schooner Alice M. Colburn, of which Osgood A. Gilbert was claimant. Decree for libelant, and claimant appeals. Amended and affirmed.

George L. Dillaway, of Boston, Mass., for appellant.

Robert Homans, of Boston, Mass., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. The contentions in this admiralty appeal are within narrow compass.

[1] (1) The appellant contends that the court below erred in allowing an amendment to the libel. The libel as originally framed set up in the third paragraph that the master of the schooner had given a draft for $2,222.90 to cover expenses and disbursements, all of which (except $5.52 disallowed by the court below) are now admittedly the subject-matter of a lien in admiralty. On the libelee's objection to this libel as too indefinite, the court allowed an amendment in the nature of a bill of particulars showing for what purposes the moneys were used. This contention cannot be sustained. The cause of action was not changed. The authorities fully sustain the action of the court below. Cf. The Corozal (D. C.) 19 Fed. 655; Davis v. Adams, 102 Fed. 520, 42 C. C. A. 493; The Gwynedd, 228 Fed. 177, 142 C. C. A. 533; The Holthe (D. C.) 249 Fed. 783; The Benefactor (D. C.) 242 Fed. 582.

[2] (2) The second contention is that the draft should be surrendered and canceled as a condition precedent to the entry of a decree enforcing the lien. We need not discuss the necessity of such action, for it appeared at the oral argument that the original draft is now attached to a deposition in the clerk's office; that the libelant agrees that, as a condition precedent to the affirmance of the decree, the draft shall be duly canceled and so incorporated among the court's papers as to remove any possibility of its hereafter being a basis of an action in personam. Cf. The Woodland, 104 U. S. 180, 26 L. Ed. 705; The Emily Souder, 17 Wall. 666, 21 L. Ed. 683; The L. B. X. (D. C.) 93 Fed. 233; Robins Dry Dock, etc., Co. v. Chesbrough, 216 Fed. 121, 132 C. C. A. 365.

This is enough, on the cases cited and relied upon by the appellant's learned counsel.

The decree of the District Court is amended, so as to include a provision that the draft shall be duly canceled and so incorporated among the court's papers as to remove any possibility of its hereafter being a basis of an action in personam, and, so amended, is affirmed, with costs to the appellee.